**In re Benjamin L. HALL, III and City of Mercedes.**

No. 13–97–917–CV.

Court of Appeals of Texas, Corpus Christi.

April 16, 1998.

Before SEERDEN, C.J., and YANEZ and CHAVEZ, JJ.

**OPINION**

YANEZ, Justice.

Relators Benjamin Hall and the City of Mercedes seek relief by way of a writ of mandamus from an order entered on December 22, 1997 by Judge Benjamin Euresti, Jr., of the 107th District Court in Cameron County. The court ordered Hall to produce

certain documents, show cause why he should not be held in contempt for violating a previous court order, and to "cease and desist" from further contact with "any Class Members in this Class Action" (the "San Benito" class action) pending before the court, save and except for the two cities Hall represented. We requested a reply from the real parties, who are the plaintiffs and defendants in the San Benito action,[1] and we granted oral argument, which occurred on February 19, 1998. After considering the issues presented, we hold that relators' request for mandamus relief should be denied as moot in part, and conditionally granted in part.

### Factual Background

The crux of the conflict between Hall and the parties involved in the San Benito class action (the "real parties" in this action) stems from Hall's contentions that the San Benito action interferes with a class action pending in the 92nd District Court in Hidalgo County (the "Pharr" class action), for which he is serving as lead attorney. During the certification hearing in the San Benito action, the San Benito parties requested and later obtained from Judge Euresti an order limiting contact from "all other counsel in similar actions" to potential San Benito class members, apparently in anticipation of interference from Hall. The record indicates the order limiting contact was entered the same day the class was certified, and without any evidentiary hearing on the issue. The propriety of that order is not before this Court, however.

On November 19, 1997, Hall, in his capacity as Pharr class counsel, sent letters to numerous cities, advising them to opt-out of the San Benito class. On December 4, 1997, the San Benito parties filed a joint motion for an order to preserve jurisdiction over the class action and directing Hall to show cause why he should not be sanctioned for violating the November 5 order. Days later, on December 8, more letters were sent to numerous cities, this time by Ernesto Silva, the city manager of Mercedes, advising them to opt-out of the San Benito class.[2] The trial court conducted a hearing on the motion on December 11, 1997, after which time it determined that there was no conflict between the two class actions, and found that Hall's letter had contained misleading information. The Court also ordered Hall to cease and desist with (1) any efforts to contact San Benito class members in any manner violative of the court's November 5 order, and (2) any efforts to encourage or advise any San Benito class member other than his client from opting out of the San Benito class. The propriety of the December 11 order is also not before this Court.

After learning of Silva's letter, and based on information and belief, the San Benito parties filed another joint motion for additional orders necessary to preserve the court's jurisdiction and to set a show cause hearing for Hall, who they alleged was responsible for the letter being sent. On December 22, 1997, Judge Euresti conducted a hearing on the San Benito parties' motion.

---

1. The class representatives in the action below are the cities of San Benito, Primera, and Port Isabel. The defendants include twenty-nine companies and partnerships: the "PG & E Defendants" include past and present versions of PG & E Gas Transmission, PG & E Texas Natural Gas Co., PG & E Texas Pipeline Co., PG & E Texas Pipeline L.P., VT Co., PG & E Texas Field Services Co., PG & E Texas Gas Storage Co., PG & E Hydrocarbons Co., PG & E Hydrocarbons, L.P., PG & E Texas Management Co., PG & E Texas Management Partnership L.P., PG & E Texas Hub Services Co., PG & E Texas Gas Partners, L.P., PG & E–Tex, L.P., and PG & E Energy Trading Corporation. The "PG & E Marketing Defendants" include past and present versions of PG & E Reata Energy, L.P., Valero Gas Marketing Co., PG & E NGL Marketing, L.P., PG & E Texas LDC, L.P., PG & E Rivercity Energy,

L.P., Valero Gas Marketing, L.P., and PG & E Texas Industrial Energy, L.P. The "TECO Defendants" include past and present versions of Valero–Teco West Texas Pipeline Co., PG & E Gas Transmission Teco, Inc., Teco Gas Gathering Co., Teco Industrial Gas Co., Teco Gas Marketing Co., Teco Gas Processing Co., and Teco Gas Services Co.

2. This letter was not brought to the court's attention or the San Benito parties' attention until sometime after December 11, 1997. Real parties maintain it was sent at Hall's direction, but there was testimony before the court that it was not. The San Benito parties' motion complaining of this letter served as the predicate for the December 22, 1997 hearing.

The record for the hearing was not filed contemporaneously with the filing of this mandamus action, however. As a result of that hearing, Judge Euresti ordered Hall to appear, produce any documents or communications sent to cities, and to "cease and desist" from further contact with any of the San Benito class members pending its show cause hearing[3] or further order of the court. We stayed that portion of Judge Euresti's order which required Hall to immediately produce materials which he alleged were privileged, and requested a response from real parties.

### Analysis

■ Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992); *Nueces County v. De Pena*, 953 S.W.2d 835, 836 (Tex.App.—Corpus Christi 1997, orig. proceeding).

Judge Euresti has since vacated that portion of the order which required Hall to produce documents without first conducting an in camera inspection. Accordingly, there is no need to review the propriety of that portion of the December 22, 1997 order, which is now moot.

The only remaining portion of the December 22, 1997 order about which relators complain is that which orders Hall to "cease and desist immediately from all further contact, either directly or indirectly, with any Class Members in this Class Action, save and except for the City of Los Indios and the City of Pharr," subject to further order of the court. Relators contend the order constitutes an unconstitutional prior restraint on Hall's freedom of speech, citing *Bernard v. Gulf Oil Co.*, 619 F.2d 459, 467 (5th Cir.1980) (en banc), aff'd. on other grounds, 452 U.S. 89, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).

The Texas Supreme Court has held that a trial court is the guardian of the class which it certifies, and may take necessary actions to "police" the conduct of the proceedings before it, contrary to the detached role a court plays in ordinary civil proceedings. *General Motors Corp. v. Bloyed*, 916 S.W.2d 949, 954 (Tex.1996). Trial courts are also vested with the general power to take actions necessary to protect the integrity of a class action pending before them if they learn that some party or the counsel of some party is improperly attempting to interfere with the orderly conduct of a particular action. See Tex. Gov't Code Ann. § 21.001(a) & (b) (Vernon 1996) (A court has "all powers necessary for the exercise of its jurisdiction and the enforcement of its lawful orders, including authority to issue the writs and orders necessary or proper in aid of its jurisdiction," and it "shall require that proceedings be conducted with dignity and in an orderly and expeditious manner and control the proceedings so that justice is done.").

The Supreme Court, in construing a trial court's powers under the federal class action rule, has stated that "an order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Gulf Oil Co. v. Bernard*, 452 U.S. at 101, 101 S.Ct. at 2200. After such weighing, the court may issue a "carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances." Id. at 102, 101 S.Ct. at 2201. Federal courts, in construing the authority of the trial court in class action proceedings, have affirmed such limitation orders when their need has been demonstrated by one or more of the parties. See *Hampton Hardware, Inc. v. Cotter & Company, Inc.*, 156 F.R.D. 630 (N.D.Tex.1994) (trial court, after hearing testimony regarding the potential harm to a class of which it was a guardian, entered order limiting contact), and *Kleiner v. First Nat'l Bank*, 751 F.2d 1193 (11th Cir.1985) (trial court issued order limiting contact upon showing that counsel for defense had attempted to "badger" potential class members to opt-out). We

---

**3.** The hearing had been set for January 15, 1998, but was reset until the outcome of this mandamus.

hold that the same parameters apply to limitation of contact orders issued by state courts.

In the instant case, the trial court conducted a hearing at which time it heard testimony considering Hall's attempts to encourage cities to opt-out of the San Benito class. We note that the court had previously found on December 11, 1997 that there was no conflict of interest between the two class actions, as Hall had indicated, and it had found his letters had misinformed the cities. In its December 22, 1997 ruling, the court made specific findings which detailed the imminent threat posed by the communications of Hall and the City of Mercedes. Specifically, the trial court found that the City of Mercedes misinformed the members of the class action by alleging it had filed its own class action, which the court found to be untrue. The court also reiterated that Hall violated the November 5, 1997 limitation on contact order by sending out erroneous information.

■ It has been alleged that the order is moot because the deadline for opting out has expired. It follows that the concerns of the San Benito parties have been allayed, because Hall cannot succeed in undermining the class. We disagree for two reasons. First, the December 22 order limiting contact is open-ended, subject to further order of the court. Second, while it is true that it limited Hall from encouraging members to opt-out, under a broader construction, the order intended to prevent what it considered was Hall's interference with the orderly progression of the case before it. It is not inconceivable that a party wishing to corrupt a class action might be able to do so even after an opt-out deadline has expired. Accordingly, the order is not moot, either by its own terms or by the concerns which underlie it.

■ We hold that the trial court did have authority to restrict Hall's contact with San Benito class members, based on the record before it. The court's "cease and desist" order is overbroad, however, to the extent that it attempts to completely eliminate any contact between Hall and cities in the San Benito class, however. Hall currently represents many of the same cities in a different action and, therefore, must be able to contact those cities in order to inform them of the status of the Pharr action. Under the wording of Judge Euresti's order of December 22, such conduct would place him in contempt of court.

The 107th district court only has authority to limit an attorney's contact with class members *to the extent that such contact jeopardizes the class action before the 107th district court.* The trial court's order should be narrowly tailored to limit contact by Hall which seeks to influence the conduct of parties in relation to the San Benito class. Any further limitation exceeds its jurisdiction. Accordingly, we hold that the trial court abused its discretion to the extent it enjoined Hall from contacting cities he currently represents.

■ We next address whether there is an adequate remedy by appeal. Neither Hall nor the City of Mercedes will be able to appeal any of Judge Euresti's rulings in the San Benito action, as they are not, nor do they represent, parties in that action. The harm visited by Judge Euresti's order, if followed to its logical extremes, will be that Hall will not be able to contact those members of the Pharr action who are also members in the San Benito action. It is axiomatic that an attorney must be able to initiate contact with his clients throughout the course of the litigation he is retained to pursue. We cannot conceive of a way in which Hall or his clients could enjoy an adequate remedy by way of an appeal in the Pharr action. The second requisite for mandamus relief is also satisfied.

We hereby conditionally grant relator Benjamin Hall's writ of mandamus, and order the trial court to reform that portion of its December 22, 1997 order which completely enjoins him from contacting any San Benito class member, subject to further order of the court. We are confident that the trial court will take action in accordance with our directive and that of the controlling authority. The writ will not issue unless the trial court fails to comply with this opinion.