**H & R BLOCK, INC., H & R Block & Associates, L.P., et al., Appellants,**

v.

**Ronnie HAESE, Nancy Haese, Manuel Jimenez, and Teresa Jimenez, Appellees.**

No. 13–97–673–CV.

Court of Appeals of Texas, Corpus Christi.

June 4, 1998.

Rehearing Overruled Sept. 3, 1998.

C. Ed Harrell, Lawrence A. Young, Hughes, Watters & Askanse, Houston, amicus curie.

Russell H. McMains, Law Offices of Russell H. McMains, Corpus Christi, N. Louise Ellingsworth, Bryan Cave, L.L.P., Kansas City, for appellant.

Before DORSEY, HINOJOSA and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

H & R Block, Inc. and others [1] present this interlocutory appeal from an order certifying a class, appointing appellees Ronnie and Nancy Haese ("the Haeses") sole class representatives, and designating the Haeses' counsel as class counsel. We affirm.

Block prepares income tax returns. As part of its tax return preparation services, Block arranges short term loans for its clients, including the Haeses. These short-term loans, in the amount of the client's anticipated income tax refund, are referred to as Rapid Refund Loans or Rapid Anticipation Loans (RAL's). It is uncontroverted that Block received a payment from the lending bank for every RAL it processed. It is also uncontroverted that Block failed to disclose to its clients that it received this payment, which the Haeses term a kickback.

The Haeses filed suit against Block, alleging Block's failure to disclose the payments it received from banks on the RALs constituted a breach of fiduciary duty to its clients and an unconscionable course of conduct under the Texas Deceptive Trade Practices—Consumer Protection Act. The Haeses also alleged this conduct resulted from a conspiracy between Block and its non-party franchisees,

---

**1.** Appellants are H & R Block, Inc.; H & R Block & Associates, L.P.; H & R Block Tax Services, Inc., individually and as general partner of H & R Block & Associates, L. P.; HRBO, Ltd.; H & R Block of South Texas, Inc., individually and as general partner of HRBO, Ltd.; HRB–Delaware, Inc., individually and as the successor in interest to H & R Block of South Texas, Inc.; H & R Block, Ltd.; HRBOI, Ltd.; HRBO III, Ltd; HRBOII, Inc., in all capacities, individ-

ually and as general partner of H & R Block, Ltd., HRBOI, Ltd., and HRBO III, Ltd.; H & R Block of Houston, Ltd.; Houston Block, L.C., individually and as general partner of H & R Block of Houston, Ltd.; Block Management, Ltd.; STI–Block, L.C., individually and as general partner of Block Management, Ltd.; Guillermo Mora; and Amalia Gonzales (hereinafter collectively referred to as "Block" or the "Block Defendants").

which rendered Block liable to those class members who obtained their RAL's through such franchisees.

Based on these allegations, and after conducting a full evidentiary hearing, the court certified the following class:

> any individual in Texas who was, at any time, a debtor on a Refund Anticipation Loan (hereinafter "RAL")[1] for which an H & R Block entity[2] acted as a facilitator.[3]
>
> [1] "Refund Anticipation Loan or RAL" means a loan that a creditor arranges to be repaid directly from the proceeds of a debtor's income tax refund.
>
> [2] "H & R Block entity" means any entity which uses the words "H & R Block" or the initials "HRB" in its business, whether or not it is owned by one of the defendants.
>
> [3] "Facilitator" means any individual, partnership, corporation, or other business entity, who individually or in conjunction or cooperation with another, processes, receives, or accepts for delivery an application for a refund anticipation loan, or a check in payment of refund anticipation loan proceeds, or in any other manner facilitates the making of a refund anticipation loan.

Block presents five issues for review, generally complaining the trial court abused its discretion in certifying the class.

■ The criteria for class certification are contained in the rules of civil procedure:

> Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Tex.R. Civ. P. 42(a). An action may be maintained as a class action if the foregoing prerequisites are satisfied and

> the court finds that the questions of law or fact common to the members of the class predominate over questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy....

Tex.R. Civ. P. 42(b)(4). Our review of the trial court's holding that the case should proceed as a class action is limited to determining whether the trial court abused its discretion. *General Motors Corp. v. Bloyed,* 916 S.W.2d 949, 955 (Tex.1996).

■ In a well-reasoned and fully developed brief, Block contends the trial court abused its discretion because the Haeses do not meet the criteria set forth in rule 42 for commonality, typicality, and adequacy of representation. It also argues that individual issues of law and fact as to absent class members "overwhelm any alleged common issues." The difficulty with Block's argument, as cogent as it initially appears to be, is that it does not address the Haeses' contention that there is only one legal issue which will control the outcome of the underlying case: "Does H & R Block owe its tax preparation clients a legal duty to disclose that the RAL bank pays it a kickback for arranging these ... loans?" As readily admitted by the Haeses' in their brief:

> If the answer to this question is "yes," a breach of fiduciary duty is established as a matter of law because the Defendants admit that they do not disclose the kickbacks to their clients. Whether the breach of this duty constitutes an unconscionable course of conduct under the DTPA then becomes an issue for the jury to decide. If the answer is "no," the case is resolved for all Defendants and class members.

Although the Haeses had not fully developed the theory of their case at the time of the class certification proceeding, we find the allegations and evidence presented on the issue of class certification provided a reasonable basis for the trial court's certification order. Due to the sheer number of people for whom it has arranged RALs, Block conceded the numerosity requirement of rule 42(a). Concerning commonality and typicality (rule 42(a)(2), (3)), and predominance (rule 42(b)(4)), we find one threshold question that applies to each class member's claim: did

Block have a duty to disclose the fee it received from the lending banks? With respect to whether a class action is superior to other available methods, we find the potentially minimal damage recovery per plaintiff, combined with the large number of potential plaintiffs, makes this case ideally suited for a class action. As the case develops, if it becomes apparent at trial that the Haeses' theory of the case has no merit or that common questions will not predominate over individual issues, then the trial court may grant summary judgment or decertify this class pursuant to TEX.R. CIV. P. 42(c)(1).

We iterate our recent holding in *Rio Grande Valley:*

> So long as certification is sought and decided at an early phase of the litigation, before supporting facts have been fully developed, trial courts should favor certifying a class action. This is due in part to the fact that the certification order is always subject to later modification if circumstances require it. Under rule 42(c)(1), the trial court may alter, amend, or withdraw class certification at any time before final judgment, or order the naming of additional parties to insure adequate representation.

*Rio Grande Valley Gas Co. v. City of Pharr,* 962 S.W.2d 631, 640 (Tex.App.—Corpus Christi, 1997) (writ filed).

■ Block next asks whether the court's certification order is erroneous because it is based on unsupported legal assertions by class counsel that the Block defendants are fiduciaries as a matter of law. Block also questions the efficacy of the certification order because the Haeses' claims for punitive damages and statutory treble damages is unlimited as to particular tax years and encompasses claims against unnamed nonparty defendants "based on a naked conspiracy claim."

■ A class action is a procedural tool, not a matter of substantive law. *Employers Cas. Co. v. Texas Ass'n of Sch. Bd. Workers,* 886 S.W.2d 470, 473 (Tex.App.—Austin 1994, writ dism'd w.o.j.). Thus, resolution of the underlying facts of the case is irrelevant. *Life Ins. Co. of the Southwest v. Brister,* 722 S.W.2d 764, 773 (Tex.App.—Fort Worth 1986, no writ). The certification hearing is merely a method for the trial court to identify the substantive law issues and determine whether the character and nature of the class satisfies the requirements of the class action procedure. *Rio Grande Valley,* 962 S.W.2d at 639–40; *Clements v. League of United Latin Am. Citizens,* 800 S.W.2d 948, 951 (Tex.App.—Corpus Christi 1990, no writ); *National Gypsum Co. v. Kirbyville Indep. Sch. Dist.,* 770 S.W.2d 621, 627 (Tex.App.—Beaumont 1989, writ dism'd w.o.j.). A proponent of a class is not required to make an extensive evidentiary showing in support of the motion for certification, *Rio Grande Valley,* 962 S.W.2d at 639–40; *Health & Tennis Corp. of Am. v. Jackson,* 928 S.W.2d 583, 587 (Tex.App.—San Antonio 1996, writ dism'd w.o.j.), nor is the trial court required to weigh the substantive merits of each class member's claim. *Rio Grande Valley,* 962 S.W.2d at 639–40; *Clements,* 800 S.W.2d at 951.

■ In its last issue, Block, relying on *Castano v. American Tobacco Co.,* 84 F.3d 734 (5th Cir.1996), contends that if the class is not decertified, its due course of law rights to a fair trial will be compromised. We find *Castano* distinguishable. That case involved a nationwide class of personal injury claims by smokers. There were complicated choice of law questions and the causes of action accrued under the laws of all fifty states. There were difficult questions of causation and assumption of the risk. Individual issues involving personal suffering and family loss clearly predominated over the common issues.

The *Castano* court recited a litany of pitfalls for class action defendants in mass tort cases: "Class certification magnifies and strengthens the number of unmeritorious claims. Aggregation of claims also makes it more likely that a defendant will be found liable and results in significantly higher damage awards.... In addition to skewing trial outcomes, class certification creates insurmountable pressure on defendants to settle, whereas individual trials would not." *Castano,* 84 F.3d at 746.

By contrast, the present case involves one legal issue and no individual inquiries. The

class simply seeks to recover the fee Block received for facilitating the RALs. Thus, the fears noted in *Castano* simply do not manifest themselves in the present case.

Block's issues are overruled and the certification order of the trial court is AFFIRMED.