**H & R BLOCK, INC., et al., Petitioners,**

v.

**Ronnie HAESE, Nancy Haese, Manuel Jimenez, and Teresa Jimenez, Respondents.**

No. 98–0568.

Supreme Court of Texas.

Feb. 4, 1999.

Rehearing Overruled July 1, 1999.

Russell H. McMains, Corpus Christi, N. Louise Ellingsworth, Kansas City, Daniel Hall, Kansas City, Russell Manning, Corpus Christi, for Petitioners.

Robert C. Hilliard, Corpus Christi, Edward M. Carstarphen, Robert M. Corn, Houston, Craig M. Sico, Darrell L. Barger, Corpus Christi, for Respondents.

## PER CURIAM.

Plaintiffs sued H & R Block, Inc. and related entities on behalf of all persons who, with defendants' help, obtained short-term loans collateralized by anticipated federal income tax refunds. Plaintiffs complain that defendants received a portion of the lender's finance charge for each loan without the borrower's knowledge. The district court certified a class of all individuals in Texas who received such loans, and from that certification order defendants appealed. About the same time, defendants advised class counsel that the lender had added a provision to the loan agreement prescribed for defendants' use in 1998 (that is, for the 1997 tax year). The added provision, paragraph 7, states in part that a borrower's disputes with the lender or defendants over the agreement or any prior refund loan agreements must be arbitrated, and prohibits class actions without the lender's and defendants' consent. The lender added paragraph 7 after plaintiffs filed suit but before the class was certified.

Upon learning of the provision, class counsel immediately moved the district court to prohibit defendants from including it in future loan agreements and from making any agreement with class members that would affect their rights in the pending litigation. After a hearing, the court granted the motion and on January 30, 1998, ordered:

> that Defendants and their counsel be and hereby are prohibited from contacting, communicating with or entering any agreement with any member of the class of Plaintiffs certified in this action concerning any matter affecting the rights of Plaintiffs in this suit, including, arbitration of Plaintiffs' claims, Plaintiffs' right to proceed in the form of a class action, the location of hearings on Plaintiffs' claims, Plaintiffs' right to litigate their claim in court, any limitation on Plaintiffs' recovery, or any other matter which may or is calculated to reduce the size of the class or the potential recovery of the class; and ...
>
> ... that the provisions of paragraph 7 of the Refund Anticipation Loan application forms utilized by Defendants in 1997 (for the 1996 tax year) and 1998 (for the 1997 tax year) ... shall not be enforceable by any Defendant in this suit against any member of the class of Plaintiffs in this suit....

The district court gave defendants five days "to implement the terms of this order."

Defendants immediately moved the court of appeals to include this order in their pending appeal from the class certification order, and the court granted the motion.[1] Defendants also moved the appeals court to stay enforcement of the January 30 order pending a decision on the merits of the appeal.[2] The court denied this motion.

Defendants then petitioned this Court for mandamus directing the district court

---

1. *See* Tex.R.App. P. 29.6.

2. *See* Tex.R.App. P. 29.3 & 29.6.

to vacate its January 30 order, or alternatively, directing the court of appeals to stay enforcement of the January 30 order while that court considered the appeal.[3] Defendants argued that the court of appeals' refusal to stay the January 30 order during its review would effectively moot the appeal of that order. We issued an order in the mandamus proceeding staying the January 30 order to allow more time for consideration of the court of appeals' failure to grant a stay.[4]

■ The January 30 order prohibits defendants from requiring a class member applying for a new loan to agree to arbitrate disputes relating not only to past loans but to the new loan as well. Were defendants forced to comply with the order pending appeal, they would forever lose their right to obtain agreements from repeat customers to arbitrate disputes in connection with new loans. As to those rights, defendants' appeal would be mooted. As an indication of the number of transactions that would likely be affected, in 1997 defendants offered more than 2.6 million loans to its customers using the agreement prescribed by the lender. Accordingly, the court of appeals should have stayed the order pending its review to prevent a portion of the appeal from becoming moot.[5]

After we stayed the January 30 order, the court of appeals vacated its order granting defendants' motion to review the January 30 order because "[t]he Supreme Court ... has taken jurisdiction of any appeal" of the January 30 order. Shortly thereafter, the court of appeals affirmed the class certification order.[6] Defendants then petitioned for review of the court of appeals' decisions on both the January 30 order—the petition for review now before us—and the class certification order.

■ The Court has jurisdiction to determine whether the court of appeals correctly decided its jurisdiction over the appeal of the January 30 order.[7] This Court did not, by staying enforcement of the January 30 order, undertake to review the merits of that order, which the court of appeals had already agreed to review in connection with the then-pending appeal of the class certification order. Our temporary stay did not divest the court of appeals of jurisdiction to review the January 30 order; on the contrary, our stay preserved the issues from becoming moot so that they could be reviewed by that court.

Accordingly, the Court grants the petition for review and, without hearing oral argument, reverses the court of appeals' order vacating its order granting review of the January 30 order, and remands the case to the court of appeals for consideration of the appeal of the January 30 order on the merits.[8] Our stay of the January 30 order remains in effect, and the mandamus proceeding in which it issued remains pending.

**3.** *In re H & R Block, Inc.,* No. 98–0105 (Tex. filed Feb. 3, 1998).

**4.** 41 Tex. Sup.Ct. J. 344 (Feb. 4, 1998).

**5.** *See* Tex.R.App. P. 29.3 (authorizing "any temporary orders necessary to preserve the parties' rights until disposition of the appeal"); *see also Dallas Morning News v. Fifth Court of Appeals,* 842 S.W.2d 655, 658 (Tex.1992) ("The power of the courts of appeals to protect their jurisdiction is essential for the orderly administration of justice.").

**6.** 976 S.W.2d 237.

**7.** *See Del Valle Indep. Sch. Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992).

**8.** Tex.R.App. P. 59.1.