NUMBER 13-97-673-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 ___________________________________________________________________ 



H & R BLOCK, INC. ET AL. , Appellants, 



v.

 

RONNIE HAESE, ET AL. , Appellees. 

___________________________________________________________________ 



On appeal from the 105th District Court

of Kleberg County, Texas.

 ____________________________________________________________________ 



OPINION ON REMAND

Before Justices Dorsey, Hinojosa, and Rodriguez

Opinion by Justice Rodriguez 



 This is an opinion on remand from the Texas Supreme Court.(1) Ronnie and Nancy Haese filed suit against various H & R
Block and related entities complaining that Block received a portion of a lender's finance charge for Refund Anticipation
Loans (RALs) which are short-term loans secured by anticipated federal income tax refunds. Subsequently, the trial court
certified a class of all individuals in Texas who received such loans, and Block appealed the class certification order.(2)

 While the appeal was pending, Block advised class counsel that the lender, Beneficial National Bank (Beneficial), had
added paragraph 7 to the RAL application form utilized by Block. Paragraph 7 provides, in part, that a borrower's disputes
with Beneficial or Block, as a third party beneficiary, over the loan agreement or any prior refund loan agreements must be
arbitrated. Paragraph 7 also prohibits class actions if the parties do not consent to such action.(3)



 In response to Beneficial's inclusion of paragraph 7 in the RAL application form, the Haeses moved to prohibit Block from
communicating with any class member regarding the present litigation or from entering into any agreement with class
members that would affect their rights in the pending litigation. During a hearing on the motion, the Haeses also argued
that paragraph 7 should be excluded from future RAL application forms. 

 The trial court granted Haeses' motion, and, on January 30, 1998, ordered: 

 . . . that [Block] and [its] counsel be and hereby are prohibited from contacting, communicating with or entering any
agreement with any member of the class of Plaintiffs certified in this action concerning any matter affecting the rights of
Plaintiffs in this suit, including, arbitration of Plaintiffs' claims, Plaintiffs' right to proceed in the form of a class action, the
location of hearings on Plaintiffs' claims, Plaintiffs' right to litigate their claim in court, any limitation on Plaintiffs'
recovery, or any other matter which may or is calculated to reduce the size of the class or the potential recovery of the class;
and . . . that the provisions of paragraph 7 of the Refund Anticipation Loan application forms utilized by Defendants in
1997 (for the 1996 tax year) and 1998 (for the 1997 tax year) . . . shall not be enforceable by any Defendant in this suit
against any member of the class of Plaintiffs in this suit. 



 Pursuant to appellate rule 29.6, this Court granted Block's motion to include review of the January 30, 1998 order (January
30 Order) in its pending interlocutory appeal of the certification order. See Tex. R. App. P. 29.6. However, we denied
Block's motion to stay the enforcement of the January 30 Order pending our decision on the merits of its appeal.(4) In
response to this denial, Block petitioned the Texas Supreme Court for mandamus directing the trial court to vacate its
January 30 Order or, alternatively, directing this Court to stay enforcement of the January 30 Order while we considered the
appeal. Pursuant to rule 29.3, the supreme court granted Block's motion to stay the January 30 Order to allow it more time
to consider this Court's denial of the stay. 

 Concluding the supreme court had taken jurisdiction of any appeal of the January 30 Order, on April 30, 1998, we vacated
our order granting Block's motion to review the January 30 Order. We subsequently affirmed the class certification order. 
See Block v. Haese, 976 S.W.2d 237, 241 (Tex. App.--Corpus Christi 1998, pet. denied). 

 Block filed a petition with the supreme court for review of our April order vacating review of the trial court's January 30
Order. The supreme court granted Block's petition and issued a per curiam opinion wherein the court held that its
temporary stay did not divest this Court of jurisdiction to review the January 30 Order, but rather preserved the issues from
becoming moot. See Block, 992 S.W.2d at 439. Accordingly, the supreme court reversed this Court's April order vacating
our review of the January 30 Order, and remanded the case for consideration on the merits of Block's appeal of the January
30 Order.(5) See id. After such consideration, we affirm in part, and reverse and remand in part. 

 By its first issue, Block contends the January 30 Order is a temporary injunction which is void on its face because it
contains no trial setting and requires no bond. By issues two and three, Block claims violations of its constitutional rights
of free speech, due course of law and procedural due process. Block further claims the January 30 Order is patently void
and unconstitutional to the extent it purports to limit Block from pursuing a pending settlement in federal court. By its
fourth issue, Block urges that the trial court abused its discretion in rendering the January 30 Order in the absence of any
competent evidence or testimony to support it. 

 The Haeses urge that the January 30 Order is not an injunction, but rather an appropriate exercise of the trial court's
authority to supervise class action litigation. The Haeses also contend the issuance of the January 30 Order is an exercise
of the court's inherent powers, and is consistent with the Texas Disciplinary Rules of Professional Conduct. 

 Because it is the character and function of an order that determines its classification, see Del Valle Independent School
District v. Lopez, 845 S.W.2d 808, 809 (Tex. 1992) (citations omitted), we must first determine the nature of the January
30 Order. 

 The purpose of a temporary injunction is to preserve the status quo pending trial on the merits. Matlock v. Data
Processing Sec., Ins., 618 S.W.2d 327, 328 (Tex. 1981). The status quo is often defined as the last actual peaceable,
noncontested status that preceded the controversy. See State v. Southwestern Bell Telephone Co., 526 S.W.2d 526, 528
(Tex. 1975); Texas Aeronautics Commission v. Betts, 469 S.W.2d 394, 398 (Tex. 1971). A mandatory temporary
injunction may also issue to prevent irreparable injury or extreme hardship. See Wilson v. United Farm Workers of
America, AFL-CIO, 774 S.W.2d 760, 763 (Tex. App.--Corpus Christi 1989, no writ) (citing Iranian Muslim Organization
v. City of San Antonio, 615 S.W.2d 202, 208 (Tex. 1981)). 

 However, a trial court is the guardian of the class it certifies, and may take necessary actions to "police" the conduct of the
proceedings before it, contrary to the detached role a court plays in ordinary civil proceedings. See In re Benjamin L. Hall
and City of Mercedes, 972 S.W.2d 793, 795 (Tex. Civ. App.--Corpus Christi, 1998, orig. proceeding), reh'g granted in part
modifying prior order on other grounds, 1998 No. 13-97-917-CV, 1998 Lexis 4257 (Tex. Civ. App.--Corpus Christi, July
16, 1998) (unpublished)(citing General Motors Corp. v. Bloyed, 916 S.W.2d 949, 955 (Tex. 1996)); see Intratex Gas Co. v.
Beeson, No. 98-0132m 2000 WL 2667000, *7, 8 (Mar. 9, 2000) (trial court has discretion with regard to class certification,
and with regard to its responsibility to manage class action and to respond to changes in development of case). A trial court
is vested with all powers to take any action necessary to protect the integrity of a pending class action if it learns some party
or counsel is improperly attempting to interfere with the orderly conduct of the action. See Hall, 972 S.W.2d at 795
(citation omitted); see also Tex. Gov't Code Ann. § 21.001(a), (b) (Vernon Supp. 2000) (court has all powers necessary for
exercise of jurisdiction and enforcement of lawful orders, including authority to issue writs and orders necessary or proper
in aid of jurisdiction, and court shall require proceedings be conducted with dignity and in orderly and expeditious manner
and control proceedings so justice is done). 

 In the present case, the trial court conducted a hearing at which time it heard testimony regarding the relationship between
Block and Beneficial, and the harm Block would incur should the court order modification or nonuse of the application
form. The trial court also heard testimony regarding the RAL application form including how it was created and Block's
role in reviewing/processing the form. Further, the testimony reflected it was Block's intent to continue using the new
application form provided by Beneficial unless the trial court ordered Block to refrain from doing so. Testimony revealed
seventy percent of Block's refund anticipation loan customers were repeat customers, many of whom were members of the
plaintiff class. All repeat customers would be required to sign the new application form in order to receive a new RAL
loan. In effect, before a new RAL could be obtained, repeat customers who were also class members would be required to
"opt out" of the class action and agree to arbitrate their present claims. 

 In its January 30, 1998 order, the trial court made findings regarding Block's utilization of the new RAL application. 
Specifically, the trial court found that Block planned to obtain agreements from members of the certified class who were
repeat customers of Block, through the execution of the application form, and that such agreements purported to require
arbitration of plaintiffs' present claims. The trial court also found that such agreements, if enforceable, would provide a
serious potential for harm to the interests of the members of the class. 

 The trial court concluded Block's conduct constituted an unauthorized, impermissible, knowing and intentional
communication with members of the plaintiff class that was designed to subvert its authority to supervise the class action,
including its authority to limit contacts with plaintiff class members. The trial court also concluded Block's conduct was
calculated to reduce class participation and to obstruct the trial court in the discharge of its duty to protect the absent class. 

 Based on our review of the record before this Court, we conclude the trial court was exercising its power to control
litigation, to actively manage this class action, and to protect the integrity of the pending class action when it issued the
January 30 Order. Thus, the character and function of the January 30 Order is in the nature of the trial court's management
of a class action lawsuit. Block's first issue is overruled. 

 By issues two and three, Block urges constitutional violations. In construing a trial court's powers under the federal class
action rule, the United States Supreme Court has stated that "an order limiting communications between parties and
potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a
limitation and the potential interference with the rights of the parties." Hall, 972 S.W.2d at 795 (quoting Gulf Oil Co. v.
Bernard, 452 U.S. 89, 101 (1981)). After such weighing, a court may issue a carefully drawn order that limits speech as
little as possible, one that is consistent with the rights of the parties under the circumstances. See id. (citing Gulf Oil, 452
U.S. at 102). Federal courts have affirmed limitation orders when the need for such orders has been demonstrated by one
or more of the parties. See id. (citing Hampton Hardware, Inc. v. Cotter & Company, Inc., 156 F.R.D. 630 (N.D. Tex.
1994) (trial court, after hearing testimony regarding the potential harm to a class of which it was a guardian, entered order
limiting contact)); Kleiner v. First Nat'l Bank, 751 F.2d 1193 (11th Cir. 1985) (trial court issued order limiting contact
upon showing that defense counsel had attempted to "badger" potential class members to opt-out). This Court has held
these same parameters apply to state court orders limiting contacts. See Hall, 972 S.W.2d at 795-96 (appellate court
reviewed order limiting contacts by counsel with potential class members in similar action). 

 Accordingly, based on the record before the trial court and the testimony provided at the hearing, we hold the trial court
had authority to limit Block's contacts, communications, and agreements with class members to the extent the activities
affected matters related to the present litigation. This portion of the January 30 Order was based on a clear record and
specific findings supported by the evidence that reflect a weighing of the need for a limitation and the potential interference
with the rights of the parties. The need to limit such activities was demonstrated. Block's constitutional rights were not
violated in that regard. Therefore, Block's issues two and three are overruled to the extent matters related to this class
action were limited. Further, Block's fourth issue arguing lack of competent evidence or testimony is overruled as it relates
to such matters. 

 However, the trial court only has authority to limit an attorney's contact with class members to the extent such contact
jeopardizes the class action before it. The order must be carefully drawn to limit speech and other contacts, as little as
possible, consistent with the rights of the parties under the circumstances. See Gulf Oil, 452 U.S. at 102. Any further
limitation exceeds its jurisdiction. See Hall, 972 S.W.2d 796. 

 We find the portion of the order that makes paragraph 7 unenforceable as to all loans made to members of the plaintiff
class as exceeding the jurisdiction of the trial court. Additionally, the trial court's jurisdiction is exceeded to the extent the
order could be construed as limiting any of Block's activities regarding new RALs. Furthermore, even if the court had
jurisdiction, we find no evidence supporting the need for this portion of the order. Nor do we find the trial court made
factual findings or legal arguments supporting such a broad order. Therefore, we conclude the trial court abused its
discretion to the extent the January 30 Order restricts Block's contacts, communications, and agreements with members of
the plaintiff class regarding new RALs. Block's fourth issue is sustained to the extent there is no evidence to support the
January 30 Order's restrictions on Block's activities involving new RALs.(6)

 Accordingly, we affirm the portion of the January 30 order that relates to matters involving the present litigation, and
reverse and remand the portion that relates to new RALs. On remand, the trial court's order should be narrowly tailored to
limit contacts, communications and agreements by Block that seek to influence the conduct of parties only on matters
relating to this litigation. 

 Finally, because the supreme court vacated this Court's April order that vacated our review of the January 30 Order, our
rulings on the Haeses' motion to strike Beneficial's amicus brief, and the Haeses' motion to reconsider appellate jurisdiction
of the January 30 Order were also vacated, and, thus, have been carried with this case. Based on the above analysis and
holding, we now grant the Haeses' motion to strike Beneficial's amicus brief, and deny as moot their motion to reconsider
appellate jurisdiction of the January 30 Order. 



NELDA V. RODRIGUEZ 

Justice 



Publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed 

this the 29th day of June, 2000. 

 

1. See H & R Block v. Haese, 992 S.W.2d 437 (Tex. 1999) (per curiam).

2. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(3) (Vernon Supp. 2000) (interlocutory order certifying class in suit
brought under Texas Rule of Civil Procedure 42 may be appealed).

3. Paragraph 7 of the RAL application specifically provides, in relevant part: 



 The parties to this RAL application, the Loan Agreement on the RAL check that I signed and any such prior agreements
involving the same parties (collectively the "Agreements") hereby agree that any claim or dispute . . . in any way relating to
the Agreements or relating to the relationships of such parties including the validity or enforceability of this arbitration
provision or any part thereof (collectively the "Claim"), shall be resolved, upon the election of either party, by binding
arbitration. . . . No class actions are permitted without the consent of the parties. The parties agree that for purposes of this
arbitration provision, H&R Block, Inc.[,] its subsidiaries, franchisees, affiliates, agents, and employees (collectively
"Block") shall be an intended third party beneficiary of the Agreements and a party to this arbitration provision and any
claims or disputes in any way relating to Block in connection with any RAL transaction made pursuant to the Agreements
involving Block shall be considered a Claim and resolved pursuant to this arbitration provision. . . . 

4. See Tex. R. App. P. 29.3 (authorizing "any temporary orders necessary to preserve the parties' rights until disposition of
the appeal").

5. The supreme court's stay of the January 30 Order remains in effect. Additionally, the mandamus proceeding in which the
stay issued remains pending in the supreme court, awaiting our determination on remand. See Block, 992 S.W.2d at 439.

6. Because we sustain issue four on the basis of no jurisdiction and no evidence, we do not reach Block's constitutional
arguments set out in issues two and three as they relate to the portion of the order that is sweepingly broad.