

NUMBER 13-09-00702-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BALTAZAR ACOSTA,                                                    Appellant,

v.

KENNETH SHIMOTSU,                                                  Appellee.

### On appeal from the 357th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Wittig[1]
### Memorandum Opinion by Justice Garza

Appellant Baltazar Acosta appeals from the trial court's interlocutory order[2]

---

[1] Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

[2] Neither party characterizes this appeal as interlocutory. Acosta's brief states that the appeal is pursuant to section 51.012 of the civil practice and remedies code. Section 51.012 provides for "an appeal or writ of error to the court of appeals from a final judgment of the district or county court," *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (Vernon Supp. 2010), and does not appear to be applicable

granting appellee, Kenneth Shimotsu's motion to dissolve a temporary restraining order. Specifically, by a single issue, Acosta contends the trial court erred in determining that the issue between the parties is contractual and is properly within the justice court's jurisdiction. We reverse and remand to the trial court for further proceedings.

## I. BACKGROUND

Acosta, an elderly former farm worker in frail health, worked for Shimotsu Farms from the 1950s until his health declined. He has lived in a dwelling provided by Shimotsu Farms since 1953.

In 2008, Acosta filed an adverse possession claim against Shimotsu.[3] In December 2008, the parties executed a settlement agreement ("the agreement"). The agreement provides, in part, that "for and in consideration of a life estate," Acosta releases "all claims" against Shimotsu. The agreement specifies that Acosta and his family agree to abide by certain "stipulations and limitation[s]," including that they: (1) make no further ownership claims regarding Shimotsu's property; (2) make no contact with the Shimotsus; (3) refrain from entering any of Shimotsu's land, improvements, or structures without a key supplied by Shimotsu; (4) make reasonable use of previously-

---

to the present circumstances. Section 51.014(a)(4) of the civil practice and remedies code provides this Court with interlocutory appellate jurisdiction if the district court "grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction . . . ." *Id.* § 51.014(a)(4) (Vernon 2008).

Here, the trial court granted Acosta a temporary restraining order on November 16, 2009. Following a hearing on December 10, 2009, the court granted Shimotsu's "Motion to Dissolve Plaintiff's Restraining Order." Acosta characterized the relief he sought at the hearing as "a permanent injunction against the J.P. court from having eviction proceedings." We construe the trial court's order dissolving the temporary restraining order as an order denying a temporary injunction. *See H & R Block, Inc. v. Haese*, 82 S.W.3d 331, 334 (Tex. App.–Corpus Christi 2000, no pet.) (citing *Del Valle Indep. Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992)) (noting that the character and function of an order determines its classification). Therefore, we have jurisdiction over Acosta's interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4).

[3] The adverse possession suit is cause number 2007-11-5719-D, styled *Baltazar Acosta v. Kenneth Shimotsu, et al.,* filed in the 103rd District Court of Cameron County, Texas.

2

used easements; (5) bring all bills, including utility bills, current; and (6) maintain the confidentiality of the terms of the agreement. The agreement further provides that if any of the conditions are violated, Acosta "immediately forfeit[s] the life estate and agree[s] to vacate" within seven days' notice of such violations.

Some months later, in 2009, Shimotsu asserted that Acosta was in violation of the terms of the agreement. Accordingly, Shimotsu filed a forcible detainer action in a Cameron County Justice Court.[4]

On November 16, 2009, Acosta filed an "Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction" in district court.[5] Acosta requested that the court enjoin Shimotsu from continuing with the eviction proceedings in the justice court. The trial court granted a temporary restraining order on November 16, 2009. Following an extension of the temporary restraining order on December 3, the trial court held a hearing on December 10, 2009.

At the hearing, Acosta's counsel argued that the agreement grants Acosta a life estate, and the question of whether he has forfeited the life estate by violating the conditions of the agreement is thus one involving title, over which the justice court has no jurisdiction.[6] Shimotsu's counsel argued that the agreement granted Acosta a "life estate with contractual terms," and that the justice court had jurisdiction to determine if

---

[4] No pleadings from the forcible detainer suit are included in the record before us. However, the suit is described in Acosta's "Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction" as cause number 2009-NFD-000037, styled, *Kenneth Shimotsu v. Baltazar Acosta, and All Other Occupants Defendants*, filed in Justice Court Precinct 7, Place 1, Cameron County, Texas.

[5] Acosta's pleading is cause number 2009-11-6208-E, styled *Baltazar Acosta v. Kenneth Shimotsu,* filed in the 357th District Court in Cameron County, Texas.

[6] Acosta did not present any witnesses at the hearing. He referred to "two instruments" that were in the court's file, one of which was the agreement. The other document is not identified.

3

the contractual terms had been violated, thereby forfeiting the life estate. As Shimotsu's

counsel explained to the court,

> We believe the justice of the peace has the ability to make simple contractual—a simple contractual analysis, and that if he, in fact, determines that the contractual analysis had not been violated, [sic] then the life estate is in place and he wouldn't have jurisdiction; but if, in fact, the terms were violated, there would be no life estate, which the plaintiff and the plaintiff's representatives agreed to, and that we could go forward with the eviction.
>
> . . . .
>
> This is within—it's a simple contractual analysis that's within the justice of the peace's jurisdiction.

After hearing counsel's arguments, the trial court stated:

> [I]t's purely a contractual issue at this stage of the game. It's no different than when you have a lease, in a violation of a lease from a contractual standpoint, let's say, an apartment complex and you want somebody evicted.
>
> That's the window that I'm looking at, not going beyond that. So I think on that basis[,] my ruling is that the J.P. can deal; that's within his discretion, within his authority, so that's where you need to go.
>
> . . . .
>
> The issue before me is whether the J.P. has jurisdiction over a matter of eviction, and I'm viewing this as [a] contract because that's what it was.
>
> . . . .
>
> It's a matter of eviction, notice of eviction pursuant to a contract that was entered between the parties. If you want to call it a life estate within the body of the contract, so be it. That's what the Court's ruling is. I'm not going beyond that.

At the conclusion of the hearing, the trial court signed the order dissolving the

temporary restraining order. This appeal ensued.

4

## II. Standard of Review and Applicable Law

Whether to grant or deny a request for a temporary injunction is within the trial court's discretion, and we will not reverse its decision absent an abuse of discretion. *Cobb v. Caye Publ'g Group, Inc.*, 322 S.W.3d 780, 782 (Tex. App.–Fort Worth 2010, no pet.) (citing *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)); *Cascos v. Cameron County Atty. (In re Cascos)*, 319 S.W.3d 205, 221 (Tex. App.–Corpus Christi 2010, no pet.). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide whether the act was arbitrary or unreasonable. *Cobb*, 322 S.W. 3d at 782. A trial court abuses its discretion if it misapplies the law to established facts. *Id.*; *Tom James of Dallas, Inc. v. Cobb*, 109 S.W.3d 877, 883 (Tex. App.–Dallas 2003, no pet.). We review de novo any determinations on questions of law the trial court made in support of its order. *Tom James of Dallas, Inc.*, 109 S.W.3d at 883 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo. TEX. PROP. CODE ANN. § 24.004 (Vernon 2000); *Dormady v. Dinero Land & Cattle Co.,* 61 S.W.3d 555, 557 (Tex. App.–San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g). A justice court is expressly deprived of jurisdiction to determine or adjudicate title to land. *See* TEX. GOV'T CODE ANN. § 27.031(b)(4) (Vernon Supp. 2010). Thus, neither a justice court, nor a county court on appeal, can resolve questions of title beyond the immediate right to possession. *See*

5

*Bacon v. Jordan*, 763 S.W.2d 395, 396 (Tex. 1988); *Rice v. Pinney*, 51 S.W.3d 705, 708-09 (Tex. App.–Dallas 2001, no pet.).

In a forcible detainer action, the trial court considers only the issue of who has the right to immediate possession of real property, not the merits of the title. TEX. R. CIV. P. 746; *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.–Houston [1st Dist.] 2004, pet. denied); *Ward v. Malone*, 115 S.W.3d 267, 270 (Tex. App.–Corpus Christi 2003, pet. denied). Forcible detainer is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title. *Villalon*, 176 S.W.3d at 70; *Malone*, 115 S.W.3d at 270.

However, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. *Dormady*, 61 S.W.3d at 557; *Rice*, 51 S.W3d at 709. "In such a case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction." *Dormady*, 61 S.W.3d at 557; *see Rice*, 51 S.W.3d at 709. "[O]ne indication that a justice court, and on appeal a county court, may be required to adjudicate title to real estate in a forcible detainer case—and, thus, exceed its jurisdiction—is when a landlord-tenant relationship is lacking." *Rice*, 51 S.W.3d at 712 n.4.

### III. DISCUSSION

At the hearing, the trial court made clear that the basis for its ruling was its conclusion that the issue of whether Acosta had violated the terms of the agreement— thereby extinguishing his life estate—was "a contractual issue" that was "no different" than an issue regarding whether a tenant had violated the terms of a lease. We disagree. The only basis asserted by Shimotsu for his right to actual possession was

6

that Acosta had forfeited his life estate by violating the terms of the agreement. Shimotsu's counsel acknowledged that if the justice court determined that "the life estate is in place . . . . [it] wouldn't have jurisdiction; but if, in fact, the terms were violated, there would be no life estate . . . ." Thus, we conclude that this is a case in which possession may not be adjudicated without first determining title, and the justice court has no jurisdiction. *See Dormady*, 61 S.W.3d at 557; *Rice*, 51 S.W.3d at 709. Accordingly, we hold that the trial court abused its discretion when it misapplied the law in concluding that the justice court had jurisdiction. *See Tom James of Dallas, Inc.*, 109 S.W.3d at 883. We sustain Acosta's issue.

## IV. CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA
Justice

Delivered and filed the
10th day of March, 2011.

7