NUMBER 13-09-00702-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

BALTAZAR ACOSTA,                                                                           Appellant,

 

v.

 

KENNETH SHIMOTSU,                                                                 
Appellee.

                                                                                                                             

 

On appeal from the 357th
District Court

of Cameron County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Benavides, and Wittig[1]

Memorandum Opinion by
Justice Garza

 

            Appellant Baltazar Acosta
appeals from the trial court’s interlocutory order[2]
granting appellee, Kenneth Shimotsu’s motion to dissolve a temporary
restraining order.  Specifically, by a single issue, Acosta contends the trial
court erred in determining that the issue between the parties is contractual
and is properly within the justice court’s jurisdiction.  We reverse and remand
to the trial court for further proceedings.

I. 
Background

            Acosta, an elderly former
farm worker in frail health, worked for Shimotsu Farms from the 1950s until his
health declined.  He has lived in a dwelling provided by Shimotsu Farms since
1953.  

            In 2008, Acosta filed an
adverse possession claim against Shimotsu.[3] 
In December 2008, the parties executed a settlement agreement (“the
agreement”).  The agreement provides, in part, that “for and in consideration
of a life estate,” Acosta releases “all claims” against Shimotsu.  The
agreement specifies that Acosta and his family agree to abide by certain
“stipulations and limitation[s],” including that they:  (1) make no further
ownership claims regarding Shimotsu’s property; (2) make no contact with the
Shimotsus; (3) refrain from entering any of Shimotsu’s land, improvements, or
structures without a key supplied by Shimotsu; (4) make reasonable use of
previously-used easements; (5) bring all bills, including utility bills,
current; and (6) maintain the confidentiality of the terms of the agreement. 
The agreement further provides that if any of the conditions are violated,
Acosta “immediately forfeit[s] the life estate and agree[s] to vacate” within
seven days’ notice of such violations.  

            Some months later, in
2009, Shimotsu asserted that Acosta was in violation of the terms of the
agreement.  Accordingly, Shimotsu filed a forcible detainer action in a Cameron
County Justice Court.[4] 


            On November 16, 2009,
Acosta filed an “Application for Temporary Restraining Order, Temporary
Injunction, and Permanent Injunction” in district court.[5] 
Acosta requested that the court enjoin Shimotsu from continuing with the
eviction proceedings in the justice court.  The trial court granted a temporary
restraining order on November 16, 2009.  Following an extension of the
temporary restraining order on December 3, the trial court held a hearing on
December 10, 2009.

            At the hearing, Acosta’s
counsel argued that the agreement grants Acosta a life estate, and the question
of whether he has forfeited the life estate by violating the conditions of the
agreement is thus one involving title, over which the justice court has no
jurisdiction.[6] 
Shimotsu’s counsel argued that the agreement granted Acosta a “life estate with
contractual terms,” and that the justice court had jurisdiction to determine if
the contractual terms had been violated, thereby forfeiting the life estate. 
As Shimotsu’s counsel explained to the court, 

            We believe the justice of
the peace has the ability to make simple contractual—a simple contractual
analysis, and that if he, in fact, determines that the contractual analysis had
not been violated, [sic] then the life estate is in place and he wouldn’t have
jurisdiction; but if, in fact, the terms were violated, there would be no life
estate, which the plaintiff and the plaintiff’s representatives agreed to, and
that we could go forward with the eviction.

 

            . . . .

 

            This is within—it’s a
simple contractual analysis that’s within the justice of the peace’s
jurisdiction.

 

After hearing counsel’s arguments, the
trial court stated:

[I]t’s purely a contractual issue at
this stage of the game.  It’s no different than when you have a lease, in a
violation of a lease from a contractual standpoint, let’s say, an apartment
complex and you want somebody evicted.

 

            That’s the window that I’m
looking at, not going beyond that.  So I think on that basis[,] my ruling is
that the J.P. can deal; that’s within his discretion, within his authority, so
that’s where you need to go.

 

            . . . . 

 

The issue before me is whether the
J.P. has jurisdiction over a matter of eviction, and I’m viewing this as [a]
contract because that’s what it was.

 

            . . . . 

 

It’s a matter of eviction, notice of
eviction pursuant to a contract that was entered between the parties.  If you
want to call it a life estate within the body of the contract, so be it. 
That’s what the Court’s ruling is.  I’m not going beyond that.

 

            At the conclusion of the
hearing, the trial court signed the order dissolving the temporary restraining
order.  This appeal ensued. 

 

 

II. 
Standard of Review and Applicable Law

            Whether
to grant or deny a request for a temporary injunction is within the trial
court's discretion, and we will not reverse its decision absent an abuse of
discretion.  Cobb v. Caye Publ’g Group, Inc., 322 S.W.3d 780, 782 (Tex.
App.–Fort Worth 2010, no pet.) (citing Butnaru v. Ford Motor Co., 84
S.W.3d 198, 204 (Tex. 2002)); Cascos v. Cameron County Atty. (In re Cascos),
319 S.W.3d 205, 221 (Tex. App.–Corpus Christi 2010, no pet.).  To determine
whether a trial court abused its discretion, we must decide whether the trial
court acted without reference to any guiding rules or principles; in other
words, we must decide whether the act was arbitrary or unreasonable.  Cobb,
322 S.W. 3d at 782.  A trial court abuses its discretion if it misapplies the
law to established facts.  Id.; Tom James of Dallas, Inc. v. Cobb,
109 S.W.3d 877, 883 (Tex. App.–Dallas 2003, no pet.).  We review de novo any
determinations on questions of law the trial court made in support of its
order.  Tom James of Dallas, Inc., 109 S.W.3d at 883 (citing Walker
v. Packer, 827 S.W.2d 833, 840 (Tex. 1992)).  

            Jurisdiction
to hear forcible detainer actions is vested in justice courts, and on appeal,
to county courts for trial de novo.  Tex.
Prop. Code Ann. § 24.004 (Vernon 2000); Dormady v. Dinero Land &
Cattle Co., 61 S.W.3d 555, 557 (Tex. App.–San Antonio 2001, pet. dism’d
w.o.j.) (op. on reh’g).  A justice court is expressly deprived of jurisdiction
to determine or adjudicate title to land.  See Tex. Gov’t Code Ann. § 27.031(b)(4) (Vernon Supp. 2010).
 Thus, neither a justice court, nor a county court on appeal, can resolve
questions of title beyond the immediate right to possession.  See Bacon v. Jordan,
763 S.W.2d 395, 396 (Tex. 1988); Rice v.  Pinney, 51 S.W.3d 705, 708-09
(Tex. App.–Dallas 2001, no pet.).

            In a
forcible detainer action, the trial court considers only the issue of who has
the right to immediate possession of real property, not the merits of the
title.  Tex. R. Civ. P. 746; Villalon
v. Bank One, 176 S.W.3d 66, 70 (Tex. App.–Houston [1st Dist.] 2004, pet.
denied); Ward v. Malone, 115 S.W.3d 267, 270 (Tex. App.–Corpus Christi
2003, pet. denied).  Forcible detainer is intended to be a speedy, inexpensive,
summary procedure for obtaining possession without resorting to a suit on the
title.  Villalon, 176 S.W.3d at 70; Malone, 115 S.W.3d at 270.  

            However,
if the question of title is so intertwined with the issue of possession, then
possession may not be adjudicated without first determining title.  Dormady,
61 S.W.3d at 557; Rice, 51 S.W3d at 709.  “In such a case involving a
genuine issue of title, neither the justice court, nor the county court on
appeal, has jurisdiction.”  Dormady, 61 S.W.3d at 557; see Rice,
51 S.W.3d at 709.  “[O]ne indication that a justice court, and on appeal a
county court, may be required to adjudicate title to real estate in a forcible
detainer case—and, thus, exceed its jurisdiction—is when a landlord-tenant
relationship is lacking.”  Rice, 51 S.W.3d at 712 n.4. 

III.  Discussion

            At the
hearing, the trial court made clear that the basis for its ruling was its
conclusion that the issue of whether Acosta had violated the terms of the
agreement—thereby extinguishing his life estate—was “a contractual issue” that
was “no different” than an issue regarding whether a tenant had violated the
terms of a lease.  We disagree.  The only basis asserted by Shimotsu for his
right to actual possession was that Acosta had forfeited his life estate by
violating the terms of the agreement.  Shimotsu’s counsel acknowledged that if
the justice court determined that “the life estate is in place . . . . [it]
wouldn’t have jurisdiction; but if, in fact, the terms were violated, there
would be no life estate . . . .”  Thus, we conclude that this is a case in
which possession may not be adjudicated without first determining title, and
the justice court has no jurisdiction.  See Dormady, 61 S.W.3d at 557; Rice,
51 S.W.3d at 709.  Accordingly, we hold that the trial court abused its
discretion when it misapplied the law in concluding that the justice court had
jurisdiction.  See Tom James of Dallas, Inc., 109 S.W.3d at 883.  We
sustain Acosta’s issue.

IV.  Conclusion

            We reverse the trial
court’s judgment and remand for further proceedings consistent with this opinion.

 

 

DORI CONTRERAS GARZA

Justice

 

Delivered
and filed the

10th
day of March, 2011.









[1]
Retired Justice Don Wittig assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to the government code.  See Tex. Gov’t Code Ann. § 74.003 (Vernon 2005).





            

            [2] Neither party
characterizes this appeal as interlocutory.  Acosta’s brief states that the
appeal is pursuant to section 51.012 of the civil practice and remedies code. 
Section 51.012 provides for “an appeal or writ of error to the court of appeals
from a final judgment of the district or county court,” see Tex. Civ. Prac. & Rem. Code Ann. §
51.012 (Vernon Supp. 2010), and does not appear to be applicable to the present
circumstances.  Section
51.014(a)(4) of the civil practice and remedies code provides this Court with
interlocutory appellate jurisdiction if the district court "grants or
refuses a temporary injunction or grants or overrules a motion to dissolve a
temporary injunction . . . ." Id. § 51.014(a)(4) (Vernon 2008).  

 

            Here, the trial court granted
Acosta a temporary restraining order on November 16, 2009. Following a hearing
on December 10, 2009, the court granted Shimotsu’s “Motion to Dissolve Plaintiff’s
Restraining Order.”  Acosta characterized the relief he sought at the hearing
as “a permanent injunction against the J.P. court from having eviction
proceedings.”  We construe the trial court’s order dissolving the temporary
restraining order as an order denying a temporary injunction.  See H
& R Block, Inc. v. Haese, 82 S.W.3d 331, 334 (Tex. App.–Corpus Christi
2000, no pet.) (citing Del Valle Indep. Sch. Dist. v. Lopez, 845 S.W.2d
808, 809 (Tex. 1992)) (noting that the character and function of an order
determines its classification).  Therefore, we have jurisdiction over Acosta’s interlocutory
appeal.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014(a)(4). 

 





[3]
The adverse possession suit is cause number 2007-11-5719-D, styled Baltazar
Acosta v. Kenneth Shimotsu, et al., filed in the 103rd District Court of
Cameron County, Texas. 





[4]
No pleadings from the forcible detainer suit are included in the record before
us.  However, the suit is described in Acosta’s “Application for Temporary
Restraining Order, Temporary Injunction, and Permanent Injunction” as cause
number 2009-NFD-000037, styled, Kenneth Shimotsu v. Baltazar Acosta, and All
Other Occupants Defendants, filed in Justice Court Precinct 7, Place 1,
Cameron County, Texas.

 





[5]
Acosta’s pleading is cause number 2009-11-6208-E, styled Baltazar Acosta v.
Kenneth Shimotsu, filed in the 357th District Court in Cameron County,
Texas. 

 

 





[6]
Acosta did not present any witnesses at the hearing.  He referred to “two
instruments” that were in the court’s file, one of which was the agreement. 
The other document is not identified.