**Alicia DORMADY and/or All Occupants of P.O. Box 838, 235 Naegelin Road, Lytle, Texas 78052, Appellant,**

v.

**DINERO LAND & CATTLE CO., L.C., Appellee.**

No. 04–00–00392–CV.

Court of Appeals of Texas, San Antonio.

Aug. 8, 2001.

---

David W. Rogers, Trent C. Rowell, Law Offices of Dave Rogers, Inc., San Antonio, for Appellant.

David W. Ross, Law Offices of Ralph Brown, P.C., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF and CATHERINE STONE, Justices.

### OPINION ON MOTION FOR REHEARING

Opinion by: CATHERINE STONE, Justice.

This cause is before us on Motion for Rehearing filed by appellee, Dinero Land & Cattle Company. We grant Dinero's motion, withdraw the court's opinion and judgment of April 18, 2001, and substitute the following opinion and judgment.

Alicia Dormady appeals the county court's judgment in a forcible detainer action brought by Dinero. The trial court granted judgment for Dinero, ordering a writ of possession for Dinero. Dormady presents one issue on appeal, asserting the county court lacked subject matter jurisdiction because Dormady's defense to the forcible detainer action necessarily involves a question of title, and because there is a pending district court suit regarding title to the property in question. We disagree with Dormady's contentions and affirm the judgment of the trial court.

### Factual & Procedural Background

Dormady purchased approximately fifteen acres of land from Dinero Land & Cattle Company in March 1996. The deed of trust executed by Dormady at the time of purchase provided as follows:

> If any of the property is sold under this deed of trust, Grantor [Dormady] shall immediately surrender possession to the

purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

In November 1999, Dinero foreclosed on the property and was the winning bidder at the foreclosure sale. Thereafter, Dinero filed a forcible detainer action in justice court to obtain possession of the property. The justice court gave possession to Dinero and ordered Dormady to vacate the property. Dormady appealed that decision to county court, arguing that neither the justice court nor the county court had subject matter jurisdiction over the suit. Dormady claimed the title and possession issues were so integrally related that the issue of possession could not be decided without first determining title.

At some point after entry of the justice court judgment before entry of the county court judgment, Dormady filed a suit in district court to quiet title. In that suit, Dormady claimed the substitute trustee's deed was void because the foreclosure was wrongful. She alleged she was given neither proper notice of the foreclosure, nor a proper opportunity to cure any alleged default. Dormady relied on the district court suit to support her argument that the county court had no jurisdiction because the title and possession issues were so interrelated. Dormady filed a motion to dismiss for want of jurisdiction in the county court suit, that was denied. The county court proceeded to trial, and based on the jury's verdict, entered judgment in favor of Dinero, awarding it possession of the property, together with $3,000 in rents and $4,665 in attorney's fees. Dormady now appeals the county court's judgment to this court.

## Jurisdiction Over Forcible Detainer Actions

Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, to county courts for trial de novo. TEX. PROP.CODE ANN. § 24.004 (Vernon 2000); TEX.R. CIV. P. 749. A justice court is without jurisdiction to adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (Vernon Supp.2001). Thus, neither a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit. TEX.R. CIV. P. 746; *Mitchell v. Armstrong*, 911 S.W.2d 169, 171 (Tex.App.—Houston [1st Dist.] 1995, writ denied).

## Nature of Forcible Detainer Actions

A forcible detainer action is a procedure to determine the right to immediate possession of real property. It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). To maintain simplicity, the applicable rule of procedure provides that "the only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX.R. CIV. P. 746. Accordingly, the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex.Civ.App.—San Antonio 1981, no writ).

To prevail in a forcible detainer action, the plaintiff need not prove title. Rather, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex.App.—Houston [14th Dist.] 1993, no writ). However, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. *Falcon v. Ensignia*, 976 S.W.2d 336, 338 (Tex.

App.—Corpus Christi 1998, no pet.); *Mitchell,* 911 S.W.2d at 171; *Fandey v. Lee,* 880 S.W.2d 164, 169 (Tex.App.—El Paso 1994, writ denied). In such a case involving a genuine issue of title, neither the justice court, nor the county court on appeal, has jurisdiction. *Mitchell,* 911 S.W.2d at 171; *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

■ A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, thus the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court. *Hewitt,* 90 S.W.2d at 818–19. Accordingly, forcible detainer actions in justice court may be prosecuted concurrently with title disputes in district court. *Haith,* 596 S.W.2d at 196.

### Discussion

Dormady contends both the justice court and county court lacked jurisdiction to decide the forcible detainer suit because the question of title is so interrelated with possession in this case that possession cannot be determined until the issue of title is decided. Dinero responds that title is not at issue because if it were, Dormady would be challenging the very title by which she purchased the property. It contends the essence of Dormady's claim is that the power of sale provision in the deed of trust was not properly exercised and the claim is for damages, not title. Additionally, Dinero insists that there was a landlord-tenant relationship present in this case as a result of the deed of trust provision which makes Dormady a tenant at sufferance subject to a forcible detainer action. We agree with Dinero's contentions.

■ As noted by one court, "not only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legisla-ture purposely established just such a system." *Rice v. Pinney,* 51 S.W.3d 705, 710 (Tex.App.—Dallas 2001, no pet. h.). The Legislature has provided a speedy and inexpensive remedy for determination of who is entitled to immediate possession of property via forcible detainer actions. These actions expressly do not determine the issue of title, but allow a title action to proceed concurrently in district court. *See Hewitt,* 90 S.W.2d at 818–19. Dormady claims that *Hewitt* is distinguishable because in that case the evidence showed that the trustee sold the property in question "in compliance with the terms embodied in the deed of trust," while in the instant case Dormady claims the trustee did not comply with the terms of the deed of trust when posting the property for foreclosure. This distinction is of no consequence, however. Although the *Hewitt* court did note there was a showing that the sale was "in compliance" with the deed of trust, it went on to state that if the forcible detainer defendants desired to attack the validity of the sale made under the deed of trust, they could proceed with a suit in the district court. *Id.* That is precisely the situation presented in the instant case. Dormady contends the foreclosure was wrongful, obtained without proper notice or opportunity to cure. Dinero, however, made a showing in the justice and county courts that: (1) it is the owner by virtue of a deed from the substitute trustee following the foreclosure sale; (2) Dormady is a tenant at sufferance; and (3) that Dinero has the superior right to immediate possession. The right to immediate possession is established, and the ultimate question of title can be determined in district court.

Although Dormady claims title and possession are necessarily intertwined, her argument is not supported by the cases. The types of cases which preclude forcible

detainer actions in justice court because of interconnected title and possession issues are far different than what is present in this case. *See, e.g., Guyer v. Rose,* 601 S.W.2d 205, 205–06 (Tex.Civ.App.—Dallas 1980, writ ref'd n.r.e.) (upholding enjoinder of forcible detainer suit because right to possession depended on compliance with contract for sale); *Gentry v. Marburger,* 596 S.W.2d 201, 203 (Tex.Civ.App.—Houston [1st] Dist.1980, writ ref'd n.r.e.) (holding that title directly involved in possession issue when possession based on assertion of life estate or adverse possession); *Dent v. Pines,* 394 S.W.2d 266, 268–69 (Tex.Civ.App.—Houston [1st Dist.] 1965, no writ) (holding title necessarily involved in possession issue when possession required determination of claims under competing wills and intestacy statutes).

Likewise, the main case relied upon by Dormady for support of her claim is distinguishable. In *Mitchell v. Armstrong Capital Corp.,* the homeowner signed a promissory note for home improvements. *Mitchell,* 911 S.W.2d at 170. The note was secured by a builder's and mechanic's lien contract. Upon default there was foreclosure pursuant to the lien contract and a forcible detainer action was filed in justice court. The justice court awarded possession to the note holder and the county court affirmed. The court of appeals reversed, however, holding that the homeowner had raised a title issue which deprived the justice and county courts of jurisdiction. *Id.* The issue of immediate possession depended solely on title to the house under the terms of the contract note. *Id.* That is not the situation in this case where a landlord-tenant relationship is established in the original deed of trust The landlord-tenant relationship provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property. In

short, Dormady has the right to sue in district court to determine whether the trustee's deed should be cancelled because of foreclosure irregularities, independent of the trial court's determination in the forcible detainer action that Dinero is entitled to immediate possession of the property. *See Martinez v. Beasley,* 572 S.W.2d 83, 85 (Tex.Civ.App.—Corpus Christi 1978, no writ).

Based on the foregoing, the judgment of the trial court is in all things affirmed.