NUMBER 13-01-626-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



F. E. "GENE" RASH, JR., Appellant,



v.




WILLACY COUNTY NAVIGATION DISTRICT, Appellee.

 

On appeal from the County Court of Willacy County, Texas.

 

MEMORANDUM OPINION


Before Justices Hinojosa, Castillo, and Chavez (1)

Opinion by Justice Chavez



 Gene Rash appeals from a judgment that awarded Willacy County Navigation District (the "District") possession of a
property after a jury trial in a forcible detainer action. In two issues, Rash complains of the summary judgment evidence
considered by the court on the issue of notice of non-payment of rent and on proceedings held outside Willacy County. 
The District seeks dismissal of the appeal on the grounds that a final judgment of a county court in an eviction suit may not
be appealed on the issue of possession unless the premises in question are being held for residential purposes only. (2) We
agree and dismiss the appeal.

 Before considering whether we have jurisdiction to review this case, we will review what occurred in the county court.

Gene Rash executed a lease agreement for two adjoining lots from the District in 1994 and another lease agreement in 1997
for an additional two adjoining lots. Rash was to pay the District $350.00 per year on each lease in half payments on the
first day of January and July of each year. The leases allowed the District to give Rash notice by certified mail of its intent
to cancel the leases in the event of non-payment of the rental installments. When Rash did not make the January 1, 1998
payments, the District sent Rash a letter on May 26, 1998 informing him of the amount of the arrearages on his rent and
utilities, and that the lease would be cancelled in thirty days if the arrearages were not paid in full. When Rash failed to
also make the July 1, 1998 payments, the District sent Rash another letter informing him that the leases were cancelled. 
Both letters were sent to Rash by certified mail with a return receipt requested, to his address as listed in the lease
agreements. Rash signed the return receipt (green card) for the second letter, but not the first.

 The District initiated a forcible detainer action to evict Rash from the property when he failed to vacate the premises. The
Willacy County Judge was disqualified from hearing the case because the Commissioners' Court supervised the Navigation
District. The Administrative Judicial Regional Judge assigned Cameron County Court at Law Judge Daniel Robles to
preside over the case. 

 Before trial, the District filed a motion for partial summary judgment asserting that it had given Rash proper notice of
intent to cancel the lease for non-payment of rent. Attached to the motion was testimony from Rash in another proceeding
admitting non-payment of the rent, an affidavit from the District's manager to Rash proving the mailing of the first letter to
Rash by certified mail, the leases, and records from the Post Office showing that it had given Rash notice to pick up the
first letter. The summary judgment evidence offered by the District clearly established that it had given Rash the required
notice of the District's intent to cancel the leases, as well as informing him that the leases were in fact, cancelled.

 In his response to the summary judgment motion, Rash offered no summary judgment evidence either by affidavit or
exhibit. Rash's response only argued that the District did not have the proof (the signed green card) that Rash had received
the notice. Rash argues that the District's motion should not have been granted because he had denied in his response that
he had received the notice and this was sufficient to raise a fact issue as to the notice being properly given. Rash contends
that his pleadings served the purpose of an affidavit. We disagree. 

 A party cannot rely on factual statements contained in its own response as summary judgment proof, even if the response is
verified. Quanaim v. Frasco Rest. & Catering, 17 S.W.3d 30, 42 (Tex. App.-Houston [14th Dist.] 2000, pet. denied). 
Pleadings are just not summary judgment evidence. Laidlaw Waste Sys., Inc. v. City of Wilmer, 904 S.W.2d 656, 660 (Tex.
1995). The trial court properly granted the partial summary judgment.

 At trial, the jury found that Rash had failed to pay the rentals and late charges and awarded the District $4,049.00 and
attorney fees of $3,000. Rash does not complain of the sufficiency of the evidence supporting the judgment. 
Post-judgment proceedings consisted of Rash's motion to suspend execution of the judgment, the District's motion for writs
of possession and Rash's motion to reduce the supersedeas bond. The motions were all heard in Judge Robles' courtroom
in Cameron County due to Judge Robles' busy docket. Rash did not object to having the hearings in Cameron County and
appeared at all hearings voluntarily. When Rash failed to post the supersedeas bond, the District was awarded writs of
possession for all of the property. This appeal follows.

 A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person is a
tenant holding over after the termination of the tenant's right to possession. See Tex. Prop. Code Ann. § 24.002 (a)(1)
(Vernon 2000). A forcible detainer action is the procedure to determine the right to immediate possession of real property.
Dormady v. Dinero Land and Cattle Co., L.C., 61 S.W.3d 555, 556 (Tex. App.-San Antonio 2001, pet. dism'd w.o.j.). The
procedure is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on
title.Id. The only issue to be tried shall be as to the right to actual possession, and the merits of the title shall not be
adjudicated. Tex. R. Civ. P. 746. A final judgment of a county court in an eviction suit may not be appealed on the issue
of possession unless the premises in question are being used for residential purposes only. Tex. Prop. Code. Ann. § 24.007
(Vernon 2000).

 It is undisputed that the properties in this case were not all being used for residential purposes only. Rash testified that his
home was on two of the lots, but the other lots were used for a restaurant and bait shop. The court granted a writ of
possession on the lots used for commercial purposes and suspended a writ for the lots being used as a residence, and set a
supersedeas bond. The bond was never posted and a writ of possession was also issued for those two lots.

 The only issue before us is the issue of possession. We have said that the legislature has limited our jurisdiction to review
judgments from county courts in eviction suits. See id. Because the property on which one of the writs of possession was
issued was being used for commercial properties, we have no jurisdiction to review the judgment. At argument we were
informed that Rash has vacated the property he used as a residence. That issue, therefore, is moot. The appeal is dismissed.



MELCHOR CHAVEZ

 Retired Justice







Opinion delivered and filed this the

15th day of May, 2003

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Texas Supreme Court pursuant to Tex.
Gov't Code Ann. § 74.003 (Vernon 1998).

2. Tex. Prop. Code Ann. § 24.007 (Vernon 2000).