*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★

**MEMORANDUM OPINION**

No. 04-08-00161-CV

Annette S. **MUECKE**,
Appellant

v.

Jay **KHADEM**,
Appellee

From the County Court at Law No. 2, Bexar County, Texas
Trial Court No. 335619
Honorable Irene Rios, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice

Sitting:    Sandee Bryan Marion, Justice
Phylis J. Speedlin, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 18, 2009

AFFIRMED

This is an appeal from a forcible detainer proceeding in which possession of the property was awarded to appellee Jay Khadem. Appellant Annette Muecke raises eleven issues on appeal. We affirm.

## DISCUSSION

The sole issue in a forcible detainer action is which party has the right to immediate possession of the property. *Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Here, it is undisputed that no lease agreement exists between the parties. The trial court heard testimony from Ms. Muecke that Mr. Khadem's former wife allowed her "in for a few days until Mr. Khadem, or Jay, returned and I was to call him and he would tell me 'yes' or 'no' if I could stay. He said I could stay." Mr. Khadem testified he originally rented the house at issue in this dispute for his own use, then bought the house, later deeded it to his father, and, ultimately, his father gave it back to him. At the time Mr. Khadem's former wife allowed Ms. Muecke to use the house, the house was empty. Ms. Muecke challenged Mr. Khadem's ownership of the property on the grounds that he had no proof his father ever deeded the property back to him. However, in a forcible detainer action, the plaintiff is not required to prove title; *Dormady,* 61 S.W.3d at 557; because, "the merits of the title shall not be adjudicated." TEX. R. CIV. P. 746. Mr. Khadem was required only to present sufficient evidence of ownership to demonstrate his superior right to immediate possession. *Dormady,* 61 S.W.3d at 557. On this record, we conclude Mr. Khadem demonstrated a superior right to immediate possession of the property.

On appeal, Ms. Muecke makes several arguments, among which is that she established a superior right based on her adverse possession of the property. However, Ms. Muecke did not raise this argument before the trial court, nor was any evidence submitted at the hearing to support this contention. We need not reach Ms. Muecke's other issues on appeal because the issue of whether Mr. Khadem demonstrated a superior right to immediate possession of the property is dispositive.

**CONCLUSION**

We overrule Ms. Muecke's issues on appeal and affirm the trial court's judgment.


Sandee Bryan Marion, Justice