# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH
## NO. 02-12-00325-CV


WILLIAM BLACKWOOD                                    APPELLANT

V.

EDWIN BUNTON AND EVELYN                              APPELLEES
BUNTON

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellees Edwin Bunton and Evelyn Bunton have filed an unopposed motion to dismiss this appeal as moot. We grant the motion and dismiss the appeal.

The Buntons filed a forcible detainer action in justice court seeking to evict Appellant William Blackwood from 12540 Rendon Road, Burleson, Tarrant

---

[1]*See* Tex. R. App. P. 47.4.

County, Texas (the Property). The justice court dismissed the complaint for lack of jurisdiction. The Buntons appealed the dismissal to the county court. After conducting a trial de novo, the court awarded the Buntons possession of the Property. This appeal followed.

Before the Buntons filed their forcible detainer action, Blackwood filed a trespass to try title action against the Buntons in district court seeking to determine title to the Property. According to the Buntons' unopposed motion to dismiss, on December 7, 2012, the district court entered a final judgment declaring the Buntons the legal owners and holders of title to the Property and denying all of Blackwood's claims and requests for relief. According to the Buntons' motion to dismiss, the district court's judgment has not been appealed.

"[A] suit can become moot at any time, including on appeal, and . . . courts have an obligation to take into account intervening events that may render a lawsuit moot." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 166–67 (Tex. 2012). With exceptions not applicable to the instant proceeding, "a court cannot decide a case that has become moot during the pendency of the litigation." *Id.* at 162. A case is moot if there ceases to be "a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Id.* If a proceeding becomes moot, the court must dismiss the proceeding. *Id.*

In his sole issue on appeal, Blackwood claims that neither the justice court nor the county court had jurisdiction because it was not possible for the justice

court or the county court to resolve the issue of right of possession without resolving the dispute over the title to the Property, which was the subject of the action pending in district court. *See* Tex. R. Civ. P. 746, 725–726 S.W.2d (Tex. Cases) LXIX (1987, repealed 2013) (stating that in a forcible detainer action, the only issue shall be the right to actual possession and the merits of the title shall not be adjudicated); *see also, e.g.*, *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (holding that justice court does not have jurisdiction over forcible detainer action when title is "so intertwined" with possession issue that "possession may not be adjudicated without first determining title"). Because the district court determined the Buntons were the legal owners and holders of title to the Property, there is no live case or controversy between the parties.

We grant Appellees' motion to dismiss, and we dismiss this appeal as moot.

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: October 3, 2013

3