

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00251-CV

Gloria J. **SANCHEZ**,
Appellant

v.

**WELLS FARGO BANK, N.A.**,
Appellee

From the County Court, Wilson County, Texas
Trial Court No. CV-03862
Honorable Marvin Quinney, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:     Sandee Bryan Marion, Chief Justice
             Marialyn Barnard, Justice
             Patricia O. Alvarez, Justice

Delivered and Filed:  January 7, 2015

AFFIRMED

The sole issue presented in this appeal is whether a county court has jurisdiction over a forcible detainer action following a foreclosure where the borrower has filed a lawsuit challenging the foreclosure. Because the foreclosure sale in the instant case gave rise to a landlord-tenant relationship under the terms of the deed of trust, we hold that the county court had jurisdiction and affirm the trial court's judgment.

**BACKGROUND**

Wells Fargo Bank, N.A. foreclosed on the home of Gloria A. Sanchez after she defaulted on her mortgage payments, and Wells Fargo was the winning bidder at the foreclosure sale. The deed of trust required Sanchez to immediately surrender possession of the property following a foreclosure. In the event possession was not immediately surrendered, the deed of trust provided that any person in possession of the property would be a tenant at sufferance.

Following the foreclosure, Wells Fargo sent Sanchez several notices to vacate the property before filing a forcible detainer action. The justice court rendered judgment in favor of Wells Fargo, and Sanchez appealed to county court. In the county court, Sanchez filed a plea to the jurisdiction, asserting the county court did not have jurisdiction because Sanchez had filed a lawsuit in district court challenging the foreclosure. After a hearing, the county court entered a final judgment awarding possession to Wells Fargo.

**DISCUSSION**

Although Sanchez cites this court's decision in *Dormady v. Dinero Land & Cattle Co.* in her brief, she does not appear to recognize the holding in *Dormady* addresses the jurisdictional issue she presents on appeal. 61 S.W.3d 555 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). In *Dormady*, Alicia Dormady signed a deed of trust to secure a loan from Dinero Land & Cattle Company which Dormady used to purchase fifteen acres of land. 61 S.W.3d at 556. The deed of trust provided that if the property was sold at foreclosure, Dormady would immediately surrender possession of the property to the purchaser, and if she failed to do so, she would become a tenant at sufferance. *Id*. at 556-57. Dinero foreclosed on the property and was the winning bidder at the foreclosure sale. *Id*. at 557. Dinero filed a forcible detainer action and prevailed in the justice court. *Id*. Dormady then filed a lawsuit in district court claiming that the foreclosure was wrongful and also appealed the judgment of the justice court to county court, "arguing that neither the justice

court nor the county court had subject matter jurisdiction over the suit [because] the title and possession issues were so integrally related that the issue of possession could not be decided without first determining title." *Id*. The county court denied Dormady's motion to dismiss and entered judgment in favor of Dinero. *Id*.

On appeal to this court, Dormady presented one issue asserting the county court lacked subject matter jurisdiction based on her district court lawsuit challenging Dinero's title based on her wrongful foreclosure claim. *Id*. at 556. This court rejected Dormady's argument that the issues of title and possession were necessarily intertwined, noting Dinero established its right to immediate possession by showing: (1) it was the owner of the property by virtue of the substitute trustee's deed resulting from the foreclosure; (2) Dormady became a tenant at sufferance following the foreclosure; and (3) Dinero has the superior right to immediate possession. *Id*. at 558. This court held, "The landlord-tenant relationship provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property." *Id*. at 559. This court concluded, "In short, Dormady has the right to sue in district court to determine whether the trustee's deed should be cancelled because of foreclosure irregularities, independent of the trial court's determination in the forcible detainer action that Dinero is entitled to immediate possession of the property." *Id*.

The holding in *Dormady* governs the outcome of this appeal. Wells Fargo made a showing that: (1) it is the owner of the property by virtue of a substitute trustee's deed; (2) Sanchez is a tenant at sufferance; and (3) Wells Fargo has the superior right to immediate possession. Because "[t]he landlord-tenant relationship provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property," the issues of title and possession are not necessarily intertwined, and the forcible detainer action could be prosecuted concurrently with the title dispute in district court. *Id*. at 557-59; *see also Bruce v. Fed. Nat'l*

*Mortg. Ass'n*, 352 S.W.3d 891, 893-94 (Tex. App.—Dallas 2011, pet. denied) (holding county court had jurisdiction where deed of trust contained a provision creating a landlord-tenant relationship in the event of a foreclosure sale); *Morris v. Am. Home Mortg. Servicing*, 360 S.W.3d 32, 34-35 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (same).

### CONCLUSION

The trial court's judgment is affirmed.

Marialyn Barnard, Justice