

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00371-CV

Joseph **HARRIS** and All Other Occupants of
3527 Cameron Springs, San Antonio, Texas 78244,
Appellants

v.

**BANK OF AMERICA, N.A.**,
Appellee

From the County Court at Law No. 5, Bexar County, Texas
Trial Court No. 2014CV03915
Honorable David J. Rodriguez, Judge Presiding

Opinion by: Sandee Bryan Marion, Chief Justice

Sitting: Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: November 10, 2015

AFFIRMED

In this appeal from a forcible detainer action, appellant Joseph Harris contends the trial court lacked jurisdiction to enter a judgment because defects in the foreclosure process raised an issue regarding title, and title issues cannot be adjudicated in a forcible detainer action. Harris also contends Texas law on forcible detainer is preempted by federal law. We affirm the trial court's judgment.

**BACKGROUND**

In 1998, Harris executed a deed of trust granting a security interest in the property at issue. In the event of a foreclosure, the deed of trust required Harris or any other person in possession of the property to immediately surrender possession to the purchaser at the foreclosure sale. The deed of trust further provided if possession was not surrendered, Harris and any other person in possession would be considered a tenant at sufferance.

In May of 2014, the property was sold at foreclosure to appellee Bank of America, N.A. as evidenced by a Substitute Trustee's Deed. After the foreclosure, Bank of America sent Harris notice to vacate. When Harris did not surrender possession, Bank of America filed a forcible detainer action in September of 2014. The justice court entered a judgment of possession in Bank of America's favor which Harris appealed to county court. The county court also entered a judgment of possession in Bank of America's favor which Harris appeals to this court.

**JURISDICTION**

In his first issue, Harris contends the trial court did not have jurisdiction to enter the judgment of possession because he raised an issue regarding the validity of the foreclosure sale at which Bank of America purchased title to the property.[1] Harris asserts he submitted a loan modification application, and federal law prohibits a foreclosure sale if a loan modification application is pending or has been rejected less than thirty days before the scheduled foreclosure sale. Bank of America responds that the record contains no evidence Harris submitted a loan modification application and any alleged defects in the foreclosure sale process did not deprive the trial court of jurisdiction in the forcible detainer action.

---

[1] Harris does not challenge the trial court's ruling on possession only its jurisdiction to make the ruling.

In a forcible detainer action, the trial court "must adjudicate the right to actual possession and not title." TEX. R. CIV. P. 510.3(e). To prevail in a forcible detainer action, a plaintiff need not prove title. *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Instead, the plaintiff need only present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Dormady*, 61 S.W.3d at 557.

In this case, Harris contends the Substitute Trustee's Deed under which Bank of America claimed ownership was void because the foreclosure sale was invalid. Title disputes like the validity of a foreclosure sale may not be determined in a forcible detainer action and must be brought in a separate suit. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *Dormady*, 61 S.W.3d at 558. However, the existence of such a title dispute does not deprive the trial court of jurisdiction in a forcible detainer action when, as here, a foreclosure under a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties. *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd); *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied); *Dormady*, 61 S.W.3d at 558-59. In such cases, there is an independent basis to determine the issue of immediate possession even if the opposing party claims that the foreclosure was improper. *Schlichting*, 346 S.W.3d at 199; *Villalon*, 176 S.W.3d at 71; *Dormady*, 61 S.W.3d at 558-59. In this case, Harris's rights after foreclosure were strictly those of a tenant-at-sufferance, and the landlord-tenant relationship established in the deed of trust provided an independent basis for the trial court to determine Bank of America had the right to immediate possession without resolving whether the foreclosure was proper. *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818 (1936); *Villalon*, 176 S.W.3d at 71. As the Texas Supreme Court has stated, "[i]f

[Harris] desire[s] to attack the sale made under the deed of trust as invalid, [he] may bring such suit in the district court for that purpose; but, in a suit for forcible detainer, such action is not permissible." *Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816, 818 (1936). Therefore, the trial court had jurisdiction to enter the judgment of possession, and Harris's first issue is overruled.

## PREEMPTION

In his second issue, Harris argues federal law preempts Texas law on forcible detainer. As Bank of America notes in its brief, however, Harris did not present this argument to the trial court. Preemption is an affirmative defense which must be pled and presented to the trial court to preserve a complaint regarding preemption for appellate review. *See Kelly v. Brown*, 260 S.W.3d 212, 217 (Tex. App.—Dallas 2008, pet. denied); *In re Marriage of Smith*, 115 S.W.3d 126, 130-31 (Tex. App.—Texarkana 2003, pet. denied); TEX. R. APP. P. 33.1(a). Because the record does not reflect that Harris pled preemption as an affirmative defense or presented an argument about preemption to the trial court, Harris's second issue has not been preserved for our review. Accordingly, Harris's second issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Sandee Bryan Marion, Chief Justice