# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-17-00709-CV

**Jae H. Yoo and Jung H. Yoo, Appellants**

**v.**

**4300 Burch, LLC, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY,
### NO. C-1-CV-17-007202, HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Jae H. Yoo and Jung H. Yoo appeal from a judgment ordering that they take nothing in their forcible-detainer suit against 4300 Burch, LLC. *See* Tex. Prop. Code §§ 24.001-.011. Because we conclude that the trial court did not err in granting 4300 Burch's motion for judgment at the close of the Yoos' case, we will affirm the judgment of the trial court.

## BACKGROUND

In June 2017, the Yoos brought a forcible-detainer action in justice court. *See* Tex. R. Civ. P. 510. The justice court denied relief to the Yoos, and in July 2017, the Yoos appealed the justice court's decision to the county court at law. *See id*. R. 506.3. At the de novo bench trial in county court, Jae Yoo testified that he sold certain real property to 4300 Burch in March 2016; that 4300 Burch executed a promissory note, secured by a deed of trust on the property; and that 4300 Burch stopped paying on the promissory note in August 2016. According to Yoo, he had no choice

but to foreclose on the property due to nonpayment and then, after foreclosure, to send a notice to vacate to 4300 Burch. Yoo introduced, and the trial court admitted, copies of what purport on their face to be (1) a notice of default and acceleration on a promissory note addressed to 4300 Burch; (2) a foreclosure-sale deed; (3) an offer to settle with 4300 Burch; and (4) a notice to 4300 Burch, demanding that it vacate the property.

On cross-examination, 4300 Burch introduced a certified copy of a final judgment signed on August 16, 2017, in cause number D-1-GN-16-005254 in the 201st District Court of Travis County. As evidenced by the final judgment, 4300 Burch sued the Yoos in that separate cause for various claims arising from 4300 Burch's purchase of the property and from the Yoos' subsequent attempt to foreclose on the property. In the final judgment, the trial court expressly found that the Yoos had made material misrepresentations in connection with their sale of the property to 4300 Burch and that the damages caused by the Yoos' misconduct had damaged 4300 Burch in an amount that exceeded the balance it owed to the Yoos under the promissory note. In addition, the trial court declared that (1) the deed of trust and promissory note are unenforceable and are "judicially released"; (2) the "foreclosure sale deed" filed by the Yoos is "wrongful, void, invalid and of no force or effect"; and (3) 4300 Burch is the rightful owner of the property "free and clear fee simple without encumbrance of any claim by the [Yoos]."

At the conclusion of the Yoos' case-in-chief, 4300 Burch moved for a "directed verdict" on the ground that the Yoos had failed, as a matter of law, to establish an immediate right

2

to possess the property.[1] The trial court granted the motion and, in accordance with its ruling, signed a judgment ordering that the Yoos take nothing in their suit. This appeal followed.

## DISCUSSION

In what is, in effect, one issue on appeal, the Yoos contend that the trial court erred in granting 4300 Burch's motion because, according to the Yoos, the evidence establishes that they acquired the right to immediate possession by virtue of their foreclosure on the property.[2]

The forcible-detainer action was created by the Legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property when there is no unlawful entry. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.); *see* Tex. Prop. Code § 24.002. To prevail in the action for forcible detainer, "a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.); *see* Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession

---

[1] A directed verdict is warranted in a jury trial when the evidence is such that no other verdict can be reached and the moving party is entitled to judgment as a matter of law. *Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 645 (Tex. App.—Dallas 2015, no pet.). Because this was a nonjury trial, we will construe 4300 Burch's motion to the trial court as a motion for judgment. *See Fondren Constr. Co. v. Briarcliff Hous. Dev. Assocs., Inc.*, 196 S.W.3d 210, 216 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

[2] Because the judge is the arbiter of facts in a bench trial, a motion for judgment granted at the close of the plaintiff's case may be granted based either on the legal insufficiency or the factual insufficiency of the plaintiff's evidence. *Qantel Bus. Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 304-05 (Tex. 1988). We will uphold the court's factual determinations unless the evidence is legally or factually insufficient to support them. *Carrasco v. Texas Transp. Inst.*, 908 S.W.2d 575, 576 (Tex. App.—Waco 1995, no writ) (citing *Qantel*, 761 S.W.2d at 305). We review the trial court's legal determinations de novo. *First Tr. Corp. TTEE FBO v. Edwards*, 172 S.W.3d 230, 233 (Tex. App.—Dallas 2005, pet. denied).

3

[in eviction cases] and not title."). In fact, the sole issue in a forcible-detainer suit is who has the right to immediate possession of the property. *Rice*, 51 S.W.3d at 709. Neither the justice court nor the county court on appeal has jurisdiction to resolve issues of title to real property in a forcible-detainer suit. *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio, pet. dism'd w.o.j.). Instead, challenges to title or to the foreclosure process must be pursued, if at all, in a separate suit. *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd); *Dormady*, 61 S.W.3d at 557 (noting that forcible-detainer actions in justice court may be prosecuted concurrently with title disputes in district court).

In this case, the issues of title and the propriety of the foreclosure process were resolved in a separate suit brought by 4300 Burch against the Yoos. That suit was resolved in favor 4300 Burch and, among other things, determined that the Yoos's foreclosure on the property was wrongful and that the deed of foreclosure on which the Yoos rely is void and of no effect. The final judgment, which was admitted into evidence at the forcible-detainer hearing, conclusively negates the Yoos' claim to a superior right of immediate possession to the property.[3] Consequently, the trial court did not err in granting judgment in favor of 4300 Burch on this issue.

**CONCLUSION**

Because the trial court did not err in granting 4300 Burch's motion for judgment on the Yoos' claim for forcible detainer, we affirm the judgment of the trial court.

---

[3] To establish a right to forcible detainer, the Yoos had to prove that (1) they are the owners of the property; (2) 4300 Burch occupied the property at the time of foreclosure; (3) the foreclosure was of a lien superior to 4300 Burch's right to possession; (3) the Yoos made written demand for possession of the property in accordance with section 24.005 of the Texas Property Code; and (4) 4300 Burch has refused to vacate. *See* Tex. Prop. Code §§ 24.002, .005.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   June 19, 2018