# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00195-CV

**Va Lyncia Wilder, Appellant**

**v.**

**MWS Capital, LLC, Appellee**

### FROM COUNTY COURT AT LAW NO. 2 OF WILLIAMSON COUNTY
### NO. 18-0236-CC2, HONORABLE LAURA B. BARKER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Va Lyncia Wilder appeals a trial-court judgment in a forcible-detainer suit awarding MWS Capital, LLC, possession of residential real property in Williamson County (the Property). On appeal, Wilder, appearing pro se, asserts that the trial court had no jurisdiction over the forcible-detainer action because she is a member of the Tonkawa of Texas Tribe and because the Property is "lawfully owned tribal restricted lands" such that her removal from the Property violates federal law. *See* 25 U.S.C. § 177 (purchases or grants of lands from Indians); 18 U.S.C. § 1151 (Indian country defined). We dismiss the appeal as moot.

## BACKGROUND

In 2015, Wilder executed a deed of trust granting a first lien security interest in the Property to Sun West Mortgage Company, Inc. The deed of trust provided that:

> If the Property is sold pursuant to [foreclosure], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

After Wilder defaulted on the loan and failed to cure the default, the Property was sold to MWS Capital at a nonjudicial foreclosure sale conducted on January 2, 2018, by a substitute trustee. MWS Capital received a substitute trustee's deed memorializing the conveyance. MWS Capital then sent written notices to Wilder instructing her to vacate the Property and advising her that, if she failed to do so, MWS Capital would file a forcible-detainer suit against her for possession of the Property.

When Wilder failed to vacate the Property, MWS Capital filed a forcible-detainer action in justice court against her. The justice court granted possession of the Property to MWS Capital on January 30, 2018. Wilder appealed the judgment to the county court at law. Following a de novo bench trial, the trial court rendered judgment granting MWS Capital possession of the Property. The trial court ordered that, to suspend enforcement of the judgment, Wilder was required to deposit $48,693 in cash into the court's registry within ten days. Wilder timely filed a notice of appeal but failed to make the required payment to supersede the judgment. Accordingly, the trial court issued a writ of possession on April 10, 2018. The writ was executed the following day. Wilder then filed a petition for writ of mandamus in this Court seeking a stay of the eviction proceedings and an order vacating the eviction order. This Court denied the petition for writ of mandamus. *See In re Wilder*, No. 03-18-00223-CV, 2018 WL 1788534 (Tex. App.—Austin Apr. 13, 2018, orig. proceeding) (mem. op.). Wilder's personal property was removed from the Property on April 17, 2018.

2

**DISCUSSION**

MWS Capital asserts that, because Wilder is no longer in possession of the Property and has no right to current possession, the appeal of this forcible-detainer action is moot. We agree. A forcible-detainer action is a procedure to determine the right to immediate possession of real property when there is not unlawful entry. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). To prevail in a forcible-detainer action, a plaintiff need not prove title. Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet dism'd w.o.j.). Instead, the plaintiff need only present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Failure to supersede a forcible-detainer judgment does not divest the appellant of the right to appeal, but the judgment may be enforced, including the issuance of a writ of possession evicting the tenant from the premises. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 786-87 (Tex. 2006); *McDonald v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00770-CV, 2014 WL 1433061, at *1 (Tex. App.—Austin Apr. 10, 2014, no pet.) (mem. op.). An appeal from a forcible-detainer action becomes moot if appellant is no longer in possession of the property, unless appellant holds and asserts "a potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d. at 787.

Here, Wilder did not supersede the judgment and MWS Capital has had possession of the Property since April 2018, when the writ of possession was executed. Wilder has asserted,

3

however, that the trial court lacked jurisdiction to render the judgment of possession. As best we can determine, Wilder's argument is that the trial court did not have jurisdiction over this forcible-detainer action because, according to her, federal law prohibits alienating an "Aborigine American Indian from their restricted lands and property, abolishing their Aboriginal Title." As set forth above, a forcible-detainer action adjudicates only the right to immediate possession of property; the court may not adjudicate title. Thus, to the extent Wilder's argument presents a challenge to the validity of the foreclosure sale, which is the event that transferred title to the Property from her to MWS Capital, such challenge must be asserted in a separate suit. *See Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *2-3 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.) ("[T]he substance of her argument is an attack on the validity of the foreclosure and sale through which Citimortgage acquired the property—a challenge to Citimortgage's title that cannot be raised in this [forcible-detainer] proceeding."). Any such challenge has no bearing on the issue in this action, which is limited to which party has superior right to immediate possession of the Property. In that regard, the landlord-tenant relationship created by the deed of trust in the event of foreclosure "provided an independent basis on which the trial court could determine the issue of immediate possession without resolving the issue of title to the property." *Rice v. Pinney*, 51 S.W.3d 705, 712 (Tex. App.—Dallas 2001, no pet.). This Court, applying the *Rice* analysis, has consistently held that defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession. *See, e.g.*, *Wilder v. Citicorp Tr. Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979, at *2 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.); *Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL

4

7809741 (Tex. App.—Austin Dec. 4, 2013, no pet.) (mem. op.). The trial court had jurisdiction to adjudicate the right of immediate possession of the Property.

To the extent that Wilder argues that the Property is federal tribal land such that ownership thereof is governed by federal, as opposed to state, law, we note that the Property is located in Williamson County, Texas. The Property is not located on, or part of, federal tribal land.[1]

## CONCLUSION

A writ of possession of the Property was executed in April 2018 after Wilder failed to supersede a judgment in a forcible-detainer action awarding possession of the Property to MWS Capital. Wilder has not asserted a potentially meritorious claim of right to current, actual possession of the Property. Consequently, this appeal is moot and is dismissed.

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Dismissed as Moot

Filed: November 21, 2018

---

[1] In a suit Wilder brought against MWS Capital, LLC, in federal district court in June 2018, Wilder alleged that MWS Capital "trespassed on tribal land to make a claim" and "made invalid claims of ownership and authority over tribal property." *See Wilder v. MWS Capital, LLC.*, No. 1:18-cv-264-RP-AWA, 2018 WL 3603082 (W.D. Tex. June 12, 2018). The U.S. Magistrate recommended dismissing Wilder's suit and noted that the suit "appears to be an attempt by Wilder to avoid foreclosure of her property by making a spurious claim that the property, despite the fact that it is a run-of-the-mill suburban home—is tribal land." *Id.* at *2 n.2.