# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-18-00679-CV

---

**Marie Bowser, Appellant**

**v.**

**Rice Capital, LLC Series 23 and David Blakeley IRA, Appellees**

---

### FROM COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### NO. C-1-CV-18-007943, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Marie Bowser, appearing pro se, appeals the county court at law's judgment awarding Appellees possession of real property in Travis County. Appellees assert that because Bowser is no longer in possession of the Property and has no right to current possession, this appeal of the forcible-detainer action is moot. We agree.

The home at issue had been owned by a man named Owens Houston. In 2009, he took out a reverse mortgage on the property by executing a Deed of Trust. He died in 2014, and Mary Houston, as his administrative heir, conveyed the property to Marie Bowser through a Special Warranty Deed subject to a vendor's lien. The Special Warranty Deed does not mention the Deed of Trust, although it refers to the "Reverse Mortgage Agreement." It appears from the record that the payments due from Owens Houston or his successors to satisfy the terms of the reverse mortgage were not made, resulting in the home being sold at a foreclosure sale in July

2018. Appellees purchased the property at the foreclosure sale and sent notice to Bowser to vacate the home. Bowser, who has maintained insurance on the home and paid the property taxes from at least 2014 through 2017, refused to vacate, instead opting to challenge the foreclosure.[1] Appellees requested that Bowser sign a settlement agreement requiring her to dismiss her title suit, and although she included a copy of that proposed agreement in the record, she does not appear to have signed it. Unable to persuade Bowser to vacate the home, Appellees filed a suit seeking possession. Appellees prevailed in the justice court and on appeal to the county court at law. Bowser filed a notice of appeal, but did not deposit the $33,775 required to supersede the judgment. The writ of possession was executed on October 23, 2018. In a motion filed the same day, Bowser sought to suspend the writ until after the appeal, but because the writ had already been executed, the county court at law denied the motion as moot.

A forcible-detainer action is a procedure to determine the right to immediate possession of real property when there is not unlawful entry. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.). To prevail in a forcible-detainer action, a plaintiff need not prove title. Tex. R. Civ. P. 510.3(e) ("The court must adjudicate the right to actual possession and not title."); *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.). Instead, the plaintiff need only present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Failure to supersede a forcible-detainer judgment does not divest the appellant of the right to appeal, but the judgment may be enforced, including the issuance of a writ of possession evicting the tenant from the premises. *Marshall v. Housing Auth. of the City*

---

[1] That suit is on appeal before this Court under Cause No. 03-18-00726-CV.

*of San Antonio*, 198 S.W.3d 782, 786-87 (Tex. 2006); *Wilder v. MWS Capital, LLC*, No. 03-18-00195-CV, 2018 Tex. App. LEXIS 9498, at *4-5 (Tex. App.—Austin Nov. 21, 2018, no pet.) (mem. op.). An appeal from a forcible-detainer action becomes moot if the appellant is no longer in possession of the property, unless the appellant holds and asserts "a potentially meritorious claim of right to current, actual possession." *Marshall*, 198 S.W.3d at 787.

Bowser did not supersede the judgment, and Appellees took possession of the Property when the writ of possession was executed. To hold that Bowser's claim is not moot, this Court would have to determine that she has asserted a potentially meritorious claim of right to possession. Bowser asserts a variety of alleged errors on the part of Appellees and the county court at law that do not bear on her right to possession of the property.[2] Bowser argues that the Special Warranty Deed's grant of the property to her shows her right to possession of the home. But the Special Warranty Deed also references the "Reverse Mortgage Agreement," and the Deed of Trust securing the reverse mortgage was recorded in Travis County, as was a 2012 Assignment of Deed of Trust showing that the loan would become due on Owens Houston's death. "An instrument that is properly recorded in the proper county is . . . notice to all persons of the existence of the instrument." Tex. Prop. Code § 13.002; *see Texas Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 169 (Tex. 2013) (holding that grantee was deemed to have notice of all recorded instruments in the chain of title); *Westland Oil Dev. Corp. v. Gulf*

---

[2] As far as the Court can discern, Bowser complains that she did not receive the transcript of the hearing (for which she did not pay), that her eviction violates the state and federal Fair Housing Acts because it fails to accommodate her (unspecified) disability, that her eviction was retaliation by Appellees in response to complaints she made for repairs to the home, that Appellees' counsel was deceptive and manipulative, that the court staff colluded against her by failing to provide a reporter's record, that she had no notice that a writ of possession had been filed, that Appellees and the county court at law conspired to defraud her, and that she was deprived of her livelihood.

*Oil Corp.*, 637 S.W.2d 903, 908 (Tex. 1982) (holding that grantee is charged with notice of every matter set forth within the chain of title).  Under the circumstances, Bowser has not asserted a potentially meritorious claim of right to current, actual possession.  Consequently, there is no longer a live controversy concerning the issue of possession for this Court to decide, and thus, we dismiss Bowser's appeal as moot.

_____

Gisela D. Triana, Justice

Before Justices Goodwin, Baker, and Triana

Dismissed as Moot

Filed:   June 4, 2019