

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00736-CV

Terry T. **GARCIA**, Deceased and/or All Other Occupants,
Appellants

v.

**REVERSE MORTGAGE SOLUTIONS, INC.**,
Appellee

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2018CV02856
Honorable Jason Wolff, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:         Rebeca C. Martinez, Justice
                Beth Watkins, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: July 10, 2019

AFFIRMED

Appellant Cindy Garcia, an heir of Terry Garcia, appeals the trial court's judgment granting possession of a foreclosed home to Reverse Mortgage Solutions, Inc. ("RMS"). We affirm the trial court's judgment.

### BACKGROUND

Terry Garcia executed a Fixed Rate Home Equity Conversion Deed of Trust ("Original Deed") on the disputed property ("Property") to secure a reverse mortgage loan. The Original Deed contained a clause stating Terry, or anyone in possession of the Property through Terry, must

surrender the Property to the purchaser of the Property at a nonjudicial foreclosure sale should the Property be foreclosed. Under the clause, if Terry failed to surrender the Property upon foreclosure, Terry would become a tenant at sufferance and could be removed by a forcible detainer action. However, the Original Deed contained an erroneous legal description of the Property. In 2015, the original mortgagee filed a correction deed ("Corrected Deed") to correct the legal description of the Property. All other terms of the Original Deed remained the same in the Corrected Deed. The original mortgagee filed the Corrected Deed without Terry's signature because it considered the change to be a non-material correction that did not require Terry's signature under section 5.028 of the Texas Property Code.

Apparently, Terry defaulted on the loan; thereafter, the mortgagee initiated a nonjudicial foreclosure and sold the Property to RMS on July 4, 2018.[1] A Substitute Trustee's Deed was recorded in the Bexar County Public Records identifying RMS as the new owner of title to the Property. RMS subsequently notified Cindy Garcia[2] that she was a tenant at sufferance, and that RMS would initiate a forcible detainer action if she did not vacate the Property. Cindy did not vacate the Property.

RMS initiated the first of two forcible detainer actions. In the first action, the Justice of the Peace court ("JP court") determined RMS was entitled to possession of the Property, and Cindy appealed the judgment to the county court at law. The appellate record does not include a final judgment entered by the county court at law in the first action. It is undisputed that the appeal was nonsuited.

---

[1] The record does not contain any documents regarding the foreclosure proceedings.
[2] Terry Garcia passed away prior to the initiation of this forcible detainer suit, and Cindy Garcia, an heir of Terry, is currently in possession of the Property.

RMS then initiated a second forcible detainer suit. The JP court again determined RMS was entitled to possession of the Property, and Cindy appealed that judgment to the trial court in the underlying cause. The trial court agreed with the JP court and entered judgment finding RMS was entitled to possession of the Property. Cindy appeals claiming the trial court: (1) was barred from adjudicating the case under the doctrine of collateral estoppel; (2) lacked subject matter jurisdiction; and (3) erred because RMS does not hold title to the Property since the Corrected Deed was filed without Terry's signature. Cindy also attempts to make a statute of limitations argument regarding the Corrected Deed.

### COLLATERAL ESTOPPEL

Cindy claims the forcible detainer action initiated in the first forcible detainer action bars the second forcible detainer action on appeal in this case. We disagree.

"Collateral estoppel bars a claim only if (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Hallco Tex., Inc. v. McMullen County*, 221 S.W.3d 50, 73 (Tex. 2006) (citations omitted). All three elements of collateral estoppel must be met in order for the doctrine to apply. *Avila v. St. Luke's Lutheran Hosp.*, 948 S.W.2d 841, 847 (Tex. App.—San Antonio 1997, pet denied).

In this case, because no judgment is contained in the record before us, Cindy cannot demonstrate that the facts were fully and fairly litigated in the first action.[3] *See Ex parte Serna*, 957 S.W.2d at 608. Both parties concede there was not a final judgment entered by the county

---

[3] Cindy attached some scribbled notes to her appellate brief she purports were written by the judge in the first forcible detainer action that indicate he was going to refer the case to the district court because he thought the parties were disputing title, not possession. However, exhibits attached to appellate briefs are not part of the record. *See In re S.H.*, No. 05-17-00336-CV, 2018 WL 3751297, at *5 (Tex. App.—Dallas Aug. 8, 2018, no pet.) (mem. op.) ("[I]t is well established that documents attached to an appellate brief which are not part of the record may generally not be considered by the appellate court.").

court at law in the first forcible detainer action. Because Cindy has failed to satisfy the first and second prongs of the test, the doctrine of collateral estoppel does not bar the second forcible detainer action. *See Hallco*, 221 S.W.3d at 73. Cindy's first issue is overruled.

## SUBJECT MATTER JURISDICTION

Cindy next claims the trial court lacks subject matter jurisdiction because the question of title is so intertwined with the issue of possession that possession may not be adjudicated without first determining title. Specifically, Cindy claims title must be adjudicated before possession can be determined because the trial court relied on a purportedly invalid deed.

Jurisdiction to hear forcible detainer actions is vested in justice courts, and on appeal, in county courts for trial de novo. TEX. PROP. CODE ANN. § 24.004; TEX. R. CIV. P. 510.10(c). A justice court is without jurisdiction to adjudicate title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4). "Thus, neither a justice court, nor a county court on appeal, has jurisdiction to determine the issue of title to real property in a forcible detainer suit." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.).

To prevail in a forcible detainer action, the plaintiff must present sufficient evidence of ownership to demonstrate a superior right to immediate possession; the plaintiff does not need to prove title. *Id.* "However, if the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title." *Id.* at 557–58. "A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, thus the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court." *Id.* at 558 (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)). "[N]ot only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legislature purposely established just such a system." *Dormady*, 61 S.W.3d at 558 (quoting *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.)).

Cindy contends the Corrected Deed was improperly filed without Terry's signature and, therefore, the Corrected Deed authorizing foreclosure was invalid. Accordingly, Cindy asserts RMS is not entitled to possession because it does not have proper title to the Property. When "a landlord-tenant relationship is established in the original deed of trust[,] [t]he landlord-tenant relationship provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property." *Dormady*, 61 S.W.3d at 559. Even where the validity of a deed is challenged, the courts have held the issue of possession may be determined without addressing title when a landlord-tenant relationship is established through a deed of trust. *See Chevalier v. Roberson*, No. 01-15-00225-CV, 2016 WL 1590993, at *3 n.2 (Tex. App.—Houston [1st Dist.] Apr. 19, 2016, no pet.) (mem. op.) ("[Appellant] has the right to sue in district court to determine whose deed is valid."); *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (holding appellant had the right to sue in district court to determine whether appellee's deed should be cancelled because of wrongful foreclosure, but that determination is independent of who is entitled to immediate possession in a forcible detainer action); *Dormady*, 61 S.W.3d at 558 (citing *Hewitt*, 90 S.W.2d at 818–19) ("[I]f the forcible detainer defendants desired to attack the validity of the sale made under the deed of trust, they could proceed with a suit in the district court."). Here, the deed of trust that was admitted into evidence, without objection, contained a clause establishing a landlord-tenant relationship between the original mortgagee and Terry, or anyone in possession of the Property through Terry, in the event of foreclosure. That landlord-tenant relationship was extended to RMS through the Substitute Trustee's Deed, which was also offered into evidence without objection. Because there was a basis for determining possession without resolving the ultimate issue of title, we hold the trial court had subject matter jurisdiction to hear the forcible detainer action. *See Dormady*, 61 S.W.3d at 557–59. Cindy's second issue is overruled.

### CORRECTION INSTRUMENT AND STATUTE OF LIMITATIONS

In her last two issues, Cindy attempts to contest title to the Property. Cindy claims the Corrected Deed is invalid because it was filed (1) in violation of section 5.029 of the Texas Property Code; and (2) in the public records after four years had passed since the Original Deed was filed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.").

The only issue in a forcible detainer suit is the right to actual possession, not the right to title. TEX. R. CIV. P. 510.3(e). Cindy attempts to improperly adjudicate title through the appeal of an eviction proceeding. "Any defects [Cindy claims] in the foreclosure process or with [RMS's] title to the property may not be considered in a forcible detainer action." *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.); *see also Harris v. Bank of Am., N.A.*, No. 04-15-00371-CV, 2015 WL 6876745, at *1 (Tex. App.—San Antonio Nov. 10, 2015, no pet.) (mem. op.) ("Title disputes like the validity of a foreclosure sale may not be determined in a forcible detainer action and must be brought in a separate suit."). "Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in this forcible detainer action." *Shutter*, 318 S.W.3d at 471.

Further, a statute of limitations precludes a party from bringing an action in court after a statutory amount of time has expired from when the cause of action accrued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051. It does not apply to a party filing a corrected instrument in the county's public records. Thus, Cindy's statute of limitations claim is without merit.

Cindy's third and fourth issues are overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice