**Opinion issued February 29, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00356-CV

_____

### NORRIS GROVES AND RAYMOND GROVES, JR., Appellants

### V.

### 2011 HOMES, LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1182819**

---

## MEMORANDUM OPINION

This is an appeal from a forcible entry and detainer suit. Appellee 2011 Homes, LLC ("2011 Homes") purchased the residential property previously owned by Betty Groves. After Betty's heirs, Raymond Groves, Jr. and Norris Groves, failed to vacate the premises, 2011 Homes brought a forcible entry and detainer

action in justice court. The justice court entered an agreed judgment in favor of appellants, and 2011 Homes appealed to the county court. The county court entered a judgment of possession in favor of 2011 Homes. Raymond Jr. and Norris challenge this judgment on appeal, arguing about the propriety of the foreclosure and certain actions taken during the hearing in the county court. We affirm.

## Background

In 2008, Betty and Raymond Groves, Sr. executed a home equity conversion deed of trust ("reverse mortgage") conveying their home on Denoron Drive in Houston, Texas in exchange for a maximum principal amount of $124,500.00. According to the deed of trust, the lender and beneficiary under the deed of trust, Urban Financial Group, was entitled to "require immediate payment-in-full of all sums secured by this Security Instrument if: . . . [a]ll borrowers die . . . ." The deed of trust provided that in the event of the death of all borrowers, i.e., Raymond Sr. and Betty, the lender could accelerate the note and require immediate payment of all sums. It also provided that the property could be sold at a foreclosure sale, and that if the loan were foreclosed, the person in possession of the property would become a tenant at sufferance and could be removed by a writ of possession.

Raymond Sr. died in 2014, and Betty died in 2019. Urban Financial Group foreclosed the loan and sold the property to 2011 Homes at a public auction. A trustee's deed was recorded, and 2011 Homes mailed a notice to vacate to "Betty J.

2

Groves and all occupants" at the Denoron Drive address. After Raymond Jr. and Norris failed to vacate the property, 2011 Homes instituted a forcible entry and detainer action against Raymond Jr. and Norris in justice court. This was in the first quarter of 2020, just as Covid-19 was beginning to circulate widely, disrupting access to civil courts. In March 2022, the justice court signed an agreed judgment in favor of Raymond Jr. and Norris, and 2011 Homes appealed to the Harris County Civil Court at Law No. 4. In April 2022, the county court entered a judgment of possession in favor of 2011 Homes. Raymond Jr. and Norris posted bond and appealed.

## Analysis

As with many pro se briefs, the appellants' briefing on appeal falls short of complete compliance with the briefing rules. *See* TEX. R. APP. P. 38.1(f); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (pro se litigants held to same standards as licensed attorneys); *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves."). Nevertheless, the Supreme Court of Texas has frequently advised that "[a]ppellate briefs are to be construed reasonably, yet liberally," and that "appellate courts should reach the merits of an appeal whenever reasonably possible." *Perry v.*

*Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). We believe that it is reasonably possible to address the appellants' contentions in this case.

We understand the appellants to raise the following challenges on appeal: (1) the foreclosure sale was improper due to lack of notice and irregularities in the reverse mortgage itself; and (2) the court erred by granting a writ of possession because there was never a "tenant/landlord agreement" between the appellants and 2011 Homes and because the court ruled without considering the appellants' evidence. We conclude that the judgment of possession must be affirmed because an allegedly improper foreclosure sale cannot be challenged in a forcible detainer suit, the appellants were tenants at sufferance under the terms of the deed of trust, and evidentiary error was not preserved because no reporter's record was made.

## A.    Forcible detainer

A forcible detainer "action 'is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property.'" *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (quoting *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)). The judgment in a forcible detainer action is a final determination only of the right to immediate possession. *Id.* Thus, to prevail in a forcible detainer action, the plaintiff is not required to prove title but is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession.

*Isaac v. CitiMortgage, Inc.*, 563 S.W.3d 305, 310 (Tex. App.—Houston [1st Dist.] 2018, pet. denied). If, however, an issue of title is so intertwined with the issue of possession that a court must resolve the title dispute before determining which party has a superior right to immediate possession, then the justice court and the county court lack jurisdiction to resolve the matter and must dismiss the case. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.— Houston [14th Dist.] 2015, no pet.) (citing *Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied)).

## B.    Wrongful foreclosure

The appellants assert that the court erred by entering a judgment of possession because the foreclosure was improper.

Forcible detainer cases are governed by Texas Rule of Civil Procedure 510, and the only issue in a forcible detainer action is the right to actual possession. *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 856 (Tex. App.— Houston [1st Dist.] 2017, pet. denied). Rule 510.3 prohibits the adjudication of title in a forcible detainer suit. TEX. R. CIV. P. 510.3(e). Thus, defects in the foreclosure process or title may not be considered in a forcible detainer action. *See Praise Deliverance Church*, 536 S.W.3d at 857.

"Texas courts [have held] that alleged defects in the foreclosure process do not preclude a court from deciding the issue of immediate possession in a forcible

5

detainer action." *Epstein v. 5AIF Baobab, LLC*, No. 01-20-00313-CV, 2022 WL 619152, at \*5 (Tex. App.—Houston [1st Dist.] Mar. 3, 2022, no pet.) (mem. op.). This is so because a "forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, thus the parties may pursue both a forcible detainer action in justice court and a suit to quiet title in district court." *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 558 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818–19 (Tex. 1936)); *see Oakland v. Deutsche Bank Nat'l Tr. Co. as Tr. of Bosco*, No. 01-20-00083-CV, 2022 WL 175364, at \*2 (Tex. App.—Houston [1st Dist.] Jan. 20, 2022, no pet.) (mem. op.). "[N]ot only can the right to immediate possession be determined separately from the right to title in most cases, but the Texas Legislature purposely established just such a system." *Dormady*, 61 S.W.3d at 558 (quoting *Rice v. Pinney*, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.)).

Here the appellants seek reversal of the judgment of possession based on their contentions of impropriety in the foreclosure process. Under Texas law, this is not a reason to reverse a judgment in a forcible detainer suit, and we overrule this issue. *See Praise Deliverance Church*, 536 S.W.3d at 857.

## C. Landlord/tenant relationship

The appellants also argue on appeal that the judgment of possession should be reversed because they never had a landlord/tenant relationship with 2011 Homes. Here, the terms of the deed of trust provided that upon foreclosure, the person in possession of the property would become a tenant at sufferance and could be removed by a writ of possession. This creates a sufficient landlord-tenant relationship to support the judgment of possession. *See* TEX. PROP. CODE § 24.002(a)(2); *Salmeron v. Deutsche Bank Nat'l Tr. Co. as Tr. of Bosco Credit II Tr. Series 2010-1*, No. 01-20-00172-CV, 2021 WL 2459484, at *2 (Tex. App.— Houston [1st Dist.] June 17, 2021, no pet.) (mem. op.) ("To prevail in a forcible-detainer action when a property was purchased at a foreclosure sale, the plaintiff must prove that: (1) the substitute trustee conveyed the property by deed to the plaintiff after the foreclosure sale; (2) a landlord-tenant relationship existed and the occupants became tenants at sufferance; (3) the plaintiff gave proper notice to the occupants that it required them to vacate the premises; and (4) the occupants refused to vacate the premises.").

We overrule this issue.

## D. Evidentiary error

Finally, the appellants argue that the trial court granted the judgment of possession without considering their evidence. We review the trial court's decision

to admit or exclude evidence for an abuse of discretion. *See Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007*)*; *D & M Marine, Inc. v. Turner*, 409 S.W.3d 693, 699 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to guiding rules or principles. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48, 52 (Tex. 2002).

To challenge the exclusion of evidence on appeal, the complaining party must present the excluded evidence to the trial court by an offer of proof or formal bill of exception and obtain a ruling. *Bishop v. Comm'n for Lawyer Discipline*, No. 01-18-01115-CV, 2020 WL 4983246, at *12 (Tex. App.—Houston [1st Dist.] Aug. 25, 2020, no pet.) (mem. op.) (discussing offer of proof or bill of exception sufficient to preserve error); *see* TEX. R. EVID. 103(a); TEX. R. APP. P. 33.2 (bill of exception). The record must show that the appellant offered the evidence and that the trial court excluded the evidence. *See* TEX. R. APP. P. 33.1(a); *In re Marriage of Rangel*, 580 S.W.3d 675, 679 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("To show that the trial court abused its discretion in excluding evidence, a complaining party must preserve error by actually offering the evidence and obtaining an adverse ruling from the court.").

There is no reporter's record in this case, and the court reporter filed a letter in this Court indicating that no record was made. The appellate record does not

indicate that the complaint was preserved. We therefore conclude that it is waived, and we overrule this issue. *See Place v. McCoy*, No. 01-20-00186-CV, 2021 WL 3500989, at *3 (Tex. App.—Houston [1st Dist.] Aug. 10, 2021, no pet.) (mem. op.) (holding issue regarding exclusion of evidence waived for failure to preserve error).

## Conclusion

We affirm the judgment of the trial court.


Peter Kelly
Justice

Panel consists of Justices Kelly, Hightower, and Guerra.